IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAJOR LENNEL RICHARDSON, III, | |
| Petitioner, | Civil Action No. PX-20-474 |
| v. | (Habeas Corpus § 2254) |
| WARDEN ALLEN GANG, *et al.*, | |
| Respondents. | |

**LIMITED ANSWER TO PETITION FOR
A WRIT OF HABEAS CORPUS**

BRIAN E. FROSH
Attorney General of Maryland

JER WELTER
Assistant Attorney General
Bar No. 29565

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6422
jwelter@oag.state.md.us

*Counsel for Respondents*

July 6, 2020

TABLE OF CONTENTS

BACKGROUND ............................................................................. 1

STATEMENT OF THE CASE ....................................................... 3

SUMMARY OF CONTENTIONS ................................................. 7

REASON TO DENY THE WRIT ................................................. 9

    RICHARDSON'S PETITION IS BARRED BY THE
    STATUTE OF LIMITATIONS. ............................................. 9

    A.   The one-year limitations period began to run on
        September 21, 2016. ................................................. 9

    B.   The limitations period was not statutorily tolled
        for long enough to make Richardson's federal
        petition timely. ......................................................... 11

    C.   Richardson has not established a basis for an
        alternative starting date for the limitations
        period, equitable tolling, or an actual-innocence
        gateway claim to avoid the limitations bar. ............. 14

CONCLUSION ............................................................................ 18

As ordered by the Court (ECF 3), Respondents hereby file this limited answer in response to the petition for a writ of habeas corpus filed by the self-represented petitioner, Major Lennel Richardson, III. (ECF 1).[1] Richardson's petition is time-barred, and therefore it must be dismissed.[2]

## BACKGROUND

The conviction that Richardson challenges occurred in a criminal prosecution in the Circuit Court for Wicomico County, Maryland, styled *State of Maryland v. Major Lenell Richardson*, No. 22-K-15-000129.[3] In accordance with Habeas Rule 5,

---

[1] The lead respondent, Allen Gang, is the warden of the Jessup Correctional Institution where Richardson is confined. The Attorney General of Maryland, Brian E. Frosh, is also a respondent.

[2] Because it is Respondents' position that Richardson's habeas petition is barred as untimely, Respondents have not addressed in this limited answer the merits of Richardson's petition or any other potential impediments to relief. In the event this Court determines that Richardson's petition is not time-barred, Respondents request leave to address the merits of the petition, including any other impediments to relief, in a further answer.

[3] Richardson's middle name was apparently misspelled in the caption of the state-court case, as the spelling in the state-court caption ("Lenell") differs from how Richardson spells his middle name in his petition in this case and how it is spelled in the records of the Maryland Department of Public Safety and Correctional Services ("Lennel").

Respondents file with this limited answer an exhibit entitled "State Record," which contains the trial-court docket entries from the state-court proceedings followed by select state-court filings, indexed in chronological order and paginated as a single volume. The abbreviation "SR" refers to this exhibit.[4]

Richardson was convicted on the basis of an agreed statement of facts; the following summary of those facts is taken from the opinion of the Court of Special Appeals of Maryland affirming his conviction:

> The statement of facts established that appellant, with the assistance of others, was seen distributing what the police believed to be controlled dangerous substances in the parking lot of a shopping center. Once appellant left the shopping center parking lot as a passenger in a black Jeep Cherokee, the police stopped the vehicle and conducted a K-9 scan, which resulted in a positive alert for the presence of an odor of narcotics. When the driver, Lateasha

[4]   Because they are not pertinent to the statute-of-limitations defense raised in this limited answer, Respondents have not submitted transcripts of any proceedings in the circuit court. However, transcripts of a bench trial on September 16, 2015, and sentencing on October 15, 2015, are available. In addition, a hearing on Richarson's motion for modification of sentence was held on December 8, 2017, and a hearing on his petition for post-conviction relief was held on March 29, 2019, although those hearings have not been transcribed. Respondents will obtain and submit transcripts or additional documents from the state-court record upon request of the Court.

Whitehead, exited the vehicle, a police officer noticed that her pants were unbuttoned.  When the officer asked Whitehead about her pants, "[s]he immediately told detectives that her pants were unbuttoned because she had just concealed narcotics in her vagina at the request of [appellant]."  At the police station, the police recovered a capsule from Whitehead's vagina containing "53 individually wrapped pieces of crack cocaine."  After waiving their *Miranda* rights, both appellant and Whitehead admitted that appellant gave the capsule to Whitehead to hide after they were stopped by police.

(SR 13–14 n.1) (alterations in original).

## STATEMENT OF THE CASE

Richardson was indicted on February 23, 2015, in the Circuit Court for Wicomico County, on charges of possession of cocaine with intent to distribute, simple possession of cocaine, possession of heroin with intent to distribute, and simple possession of heroin. (SR 1–2, 6–11).  On September 16, 2015, following a bench trial on an agreed statement of facts, Richardson was found guilty of possession of cocaine with intent to distribute.  (SR 1–3; *see also* SR 13).  On October 15, 2015, Richardson was sentenced to imprisonment for 25 years without the possibility of parole, which was the presumptive mandatory minimum sentence then provided under Maryland law for a third-time controlled dangerous

substance distribution offense.  (SR 1–3; *see also* SR 13).  *See* Md. Code, Crim. Law § 5-608(c) (2012 Repl. Vol., 2015 Supp.).[5]  The other three counts were entered *nolle prosequi.*  (SR 1).

Richardson noted a timely appeal, and the Court of Special Appeals affirmed his conviction and sentence in an unreported opinion.  *See Major Lenell Richardson v. State*, No. 1901, Sept. Term 2015 (filed Aug. 4, 2016).  (SR 3, 12–23).  The mandate issued on September 6, 2016.  (SR 36).  Richardson did not seek further review in the Court of Appeals of Maryland by petition for writ of certiorari.  The time for him to do so expired fifteen days after issuance of the Court of Special Appeals' mandate, on Wednesday, September 21, 2016.  *See* Md. Rule 8-302(a).

Between the filing of the Court of Special Appeals' decision and the issuance of its mandate, Richardson filed in the circuit

---

[5]     The mandatory minimum was only presumptive because, under Maryland law when Richardson was sentenced, a court was allowed to depart from a controlled-dangerous-substance mandatory minimum if the court determined that imposition of the mandatory minimum would result in substantial injustice to the defendant and was unnecessary for the protection of the public. *See* Md. Code, Crim. Law § 5-609.1 (2012 Repl. Vol., 2015 Supp.). The circuit court did not make such a determination in Richardson's case.

court on August 10, 2016, a petition for postconviction relief *pro se*. (SR 3, 24–34). The circuit court denied the petition on August 19, 2016, as "deficient on its face." (SR 4, 35).

Seven days after his time to file a certiorari petition expired, Richardson filed on September 28, 2016, a second *pro se* petition for postconviction relief. (SR 4, 37–39). The circuit court likewise denied that petition as facially deficient by marginal order on October 20, 2016. (SR 4, 39).

Nearly a year later (348 days, to be exact), on October 3, 2017, Richardson filed through counsel a motion for modification of sentence under the Justice Reinvestment Act ("JRA"), Chapter 515 of the Maryland Laws of 2016.[6] (SR 4, 40–44). After briefing and a hearing (SR 2, 4, 45–52), the circuit court denied the JRA motion for modification on December 9, 2017. (SR 4, 53).

---

[6] Among other provisions, the JRA prospectively eliminated certain mandatory minimum penalties for controlled dangerous substance offenses, including the third-time-offender penalty that applied to Richardson. The JRA also established an opportunity for offenders, such as Richardson, who had been sentenced to mandatory minimums under the former regime, to file motions for modification of their sentences by departure from the mandatory minimum in the discretion of the sentencing court. *See* Md. Code, Crim. Law § 5-609.1 (2012 Repl. Vol., 2019 Supp.).

Richardson filed a *pro se* motion for reconsideration on January 12, 2018, and a counseled motion for reconsideration on January 17, 2018. (SR 4, 54–62). The court denied the counseled motion on January 18, 2018 (SR 4, 65), and denied the *pro se* motion by marginal order on February 8, 2018. (SR 4, 58).[7]

On November 7, 2018 (272 days after the denial of his *pro se* motion for reconsideration), Richardson filed a third petition for postconviction relief, this time through counsel. (SR 4, 66–70). After briefing and a hearing, the circuit court denied the third postconviction petition on July 16, 2019. (SR 2, 4–5, 71–76).

On August 14, 2019, Richardson timely filed an application for leave to appeal the denial of postconviction relief *pro se*. (SR 5, 77–80).[8] The Court of Special Appeals summarily denied the

---

[7]    Richardson did not seek appellate review of the denial of the JRA motion or the denial of the motions for reconsideration. The extent and manner by which appellate review of the denial of a JRA motion for sentence modification may be sought is at issue in consolidated cases that are currently pending before the Maryland Court of Appeals on certified questions from the Court of Special Appeals. *See Randy Morquell Brown, et al. v. State*, Misc. No. 30, Sept. Term 2018 (argued Sept. 10, 2019).

[8]    The application for leave to appeal was not docketed in the circuit court until August 19, 2019. (SR 5, 77). However, effective January 1, 2019, Maryland adopted by court rule a version of the

application for leave to appeal on December 9, 2019, and its mandate issued on January 24, 2020.  (SR 81–83).

Richardson filed his habeas petition in this Court one day earlier, on January 23, 2020.[9]

## SUMMARY OF CONTENTIONS

As bases for habeas relief, Richardson asserts eight grounds (some of which appear to contain discrete subparts, and some of which appear to overlap with one another) (ECF 1 at 4–5):

1. That Richardson did not possess the cocaine at issue; rather, an "accompli[ce]/witness" (*i.e.*, Ms. Whitehead) did.

2. That the trial court erred in failing to suppress an out-of-

_____

"prison mailbox rule," whereby certain court filings (including applications for leave to appeal) by self-represented litigants who are incarcerated are deemed filed on the date that the inmate delivers the filing to prison authorities for mailing.  *See* Md. Rule 1-322(d); Rules Order of Oct. 10, 2018 (eff. Jan. 1, 2019), *available at*  https://mdcourts.gov/sites/default/files/rules/order/ro196_0.pdf. In the certificate of service for his application for leave to appeal, Richardson stated that the application was mailed on August 14, 2019.  (SR 80).

[9]    Although the habeas petition was not docketed until February 21, 2020 (*see* ECF 1 at 1), the federal courts likewise adhere to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), and Richardson's petition is dated January 23, 2020. (ECF 1 at 13).

court statement by a "witness" or "co-conspirator" (again, apparently Whitehead) because it was coerced and not voluntarily given.

3. "Illegal search and detention of the defendant."

4. "Insufficient evidence to support the conviction."

5. "Failure to admit certain evidence" and that the "judge gave [a] belated jury instruction after trial started."[10]

6. That "probable cause to arrest and convict him did not exist" and "any confessions should have been suppressed as a[ ] fruit of an illegal arrest."

7. That police lacked probable cause to arrest Richardson where he was the passenger in the vehicle, and where narcotics were found inside the body of the driver (Whitehead) during an "illegal strip search."

8. That "police initially lacked the intent to prosecute."[11]

---

[10]    The exact basis for this claim is particularly unclear given that, as noted, Richardson was convicted at a bench trial on an agreed statement of facts.

[11]    Richardson also seems, at points, to assert claims of ineffective assistance of counsel. (*See, e.g.*, ECF 1 at 7).

REASON TO DENY THE WRIT

RICHARDSON'S PETITION IS BARRED BY THE
STATUTE OF LIMITATIONS.

This Court cannot consider the merits of Richardson's claims

because his petition was filed outside of the applicable one-year

limitations period following the affirmance of his conviction in

2016, accounting for statutory tolling.

### A.    The one-year limitations period began to run on September 21, 2016.

The timeliness of a federal habeas petition filed by someone

in custody pursuant to a state-court conviction is governed by 28

U.S.C. § 2244(d), a provision of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat.

1214 (Apr. 24, 1996).  The provisions of the AEDPA apply to habeas

cases filed after the AEDPA's 1996 effective date, and thus apply

to this case.  *See, e.g.*, *Mueller v. Angelone*, 181 F.3d 557, 565-73

(4th Cir. 1999), *cert. denied*, 527 U.S. 1065 (1999).

Section 2244(d) establishes a one-year limitations period for

an "application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court."  The one-year period

runs from the latest of four alternative dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The first of those potential starting dates, codified in § 2244(d)(1)(A), is the one that marks the beginning of the one-year limitations period in the ordinary case: "[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C.A. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing § 2244(d)(1)(B)-(D)).

Richardson's conviction became final on September 21, 2016, which was the date when time expired for him to seek further direct review of his conviction by petition for certiorari in the Maryland Court of Appeals. *See* Md. Rule 8-202(a); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that under § 2244(d)(1)(A), a judgment that is not reviewed in the United States Supreme Court "becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). Accordingly, the one-year clock under § 2244(d)(1)(A) began running on September 21, 2016.

### B. The limitations period was not statutorily tolled for long enough to make Richardson's federal petition timely.

The AEDPA's one-year limitations period is statutorily tolled (*i.e.*, paused) during any period of "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (stating that "[t]he running of the

11

one-year limitation period . . . is suspended" during the pendency of post-conviction or other collateral review). Although Richardson made some state-court filings that would qualify for statutory tolling, those filings were not pending for long enough to make his federal petition timely.

Seven days of the one-year limitations period elapsed between September 21, 2016 (when the time to file a certiorari petition expired) and September 28, 2016, when Richardson filed his second petition for postconviction relief. (SR 37). Respondents assume that the time the second postconviction petition was pending—from September 28, 2016, to October 20, 2016—was tolled.[12]

Another 348 days elapsed (for a running total of 355 days) between October 20, 2016 (when the second postconviction petition was denied) and October 3, 2017, when Richardson filed his JRA

---

[12]    Because the second postconviction petition was denied as facially deficient (SR 39), it is arguable that it was not "properly filed," 28 U.S.C. § 2244(d)(2), and thus not eligible for tolling. Respondents assume otherwise for purposes of this limited answer. There is also no need to assess whether Richardson's first postconviction petition qualified for tolling because the limitations period had not yet begun to run while the first petition was pending.

motion for modification of sentence. (SR 39, 40). Respondents assume that a motion for sentence modification under Maryland's JRA qualifies as an application for state collateral review and thus engages statutory tolling. *Cf. Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019) (holding that motions for sentence modification under Md. Rule 4-345(e) qualify for statutory tolling). Respondents further assume that the limitations period remained tolled until both of Richardson's motions for reconsideration of the denial of his JRA motion had been denied, on February 8, 2018. (SR 58).

Another 272 days elapsed (for a total of 627 untolled days), between February 8, 2018, and November 7, 2018, when Richardson filed his third postconviction petition. (SR 66). The one-year limitations period thus expired before the third postconviction petition was filed. *See, e.g.*, *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *accord Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied*, 538 U.S. 949 (2003).[13]

---

[13]    Because a total of 355 untolled days had elapsed before the JRA motion was filed, only 10 days remained in the one-year

The timeliness of Richardson's petition thus is not saved by statutory tolling.

    **C.**    **Richardson has not established a basis for an alternative starting date for the limitations period, equitable tolling, or an actual-innocence gateway claim to avoid the limitations bar.**

The one-year limitations period may also, as noted, be measured in some circumstances from a later, alternative starting date. However, Richardson does not allege in his petition, nor is there any basis to conclude from the nature of the claims he raises, that there was any impediment to filing his petition created by state action, *see* 28 U.S.C. § 2244(d)(1)(B), that his claim is based on a right that the Supreme Court has newly recognized and made retroactively applicable, *see id.* § 2244(d)(1)(C), or that his claim is

---

period when tolling due to the JRA motion ended on February 8, 2018. Thus, the limitations period expired on February 18, 2018.

    If the limitations period had not already expired by the time the third postconviction petition was filed, the third petition would have qualified for tolling. Time would have been tolled through the filing of Richardson's petition in this Court, because his federal petition is deemed filed on January 23, 2020, and his third postconviction petition remained pending until a day later, on January 24, 2020, when the Court of Special Appeals' mandate issued on review of the denial of the third postconviction petition. (ECF 1 at 13; SR 83).

14

based on a newly discovered factual predicate that could not previously have been discovered, *see id.* § 2244(d)(1)(D).

Although Richardson states that he acquired a written statement from Ms. Whitehead asserting (as pertinent to some of his claims in this action) that she was "coached, coerced, and threatened into writing a statement against" him, he reports that this statement was read by his lawyer in open court at his sentencing on October 15, 2015. (ECF 1 at 5). Because that statement was not newly discovered after Richardson's conviction became final, it cannot establish a later starting date for the limitations period.

In some circumstances, a petitioner may also be entitled to equitable tolling of the AEDPA limitations period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"). But circumstances justify equitable tolling "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Richardson has not pleaded any circumstance that

15

could support equitable tolling for the more than three years it took him to institute this action, and none is apparent.

Finally, a claim of "actual innocence," if proved, can serve as "a gateway through which a petitioner may [by]pass . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But, although Richardson seems to assert that he is innocent of the possessory crime of which he was convicted (given that the cocaine at issue was found on Ms. Whitehead's person rather than his), this does not qualify as a claim of "actual innocence" sufficient to avoid the limitations bar. *See id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) ("[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'").[14]

---

[14] In addition to the fact that Richardson's assertion is not "new evidence," he does not account for the fact that, under Maryland law, he could be convicted of possession with intent to distribute based on constructive possession rather than actual possession. *See State v. Gutierrez*, 446 Md. 221, 234 (2016) (stating that the "mere fact" that drugs are "not found on the defendant's

In sum, because Richardson filed his federal petition more than a year after his conviction became final on direct review and there is no avenue by which the petition could be considered timely, his petition must be dismissed with prejudice under the statute of limitations.

---

person does not necessarily preclude an inference by the trier of fact that the defendant had possession of the contraband"); *Cottman v. State*, 165 Md. App. 679 (2005) (affirming conviction for possession of cocaine on basis of constructive possession, where defendant served as a lookout for dealer, and dealer sold cocaine that had been secreted in dealer's mouth to undercover officer), *vac'd on other grounds*, 395 Md. 729 (2006). Nor does he account for the fact that, as the agreed statement of facts supporting his conviction reflects, he admitted to possessing the cocaine and then giving it to Whitehead to hide when they were stopped by police. (SR 13–14 n.1).

CONCLUSION

Respondents respectfully suggest that a hearing is unnecessary and ask the Court to dismiss the petition with prejudice to refiling.

Dated: July 6, 2020                    Respectfully submitted,

                                       BRIAN E. FROSH
                                       Attorney General of Maryland


                                       */s/ Jer Welter*
                                       JER WELTER
                                       Assistant Attorney General
                                       Bar No. 29565

                                       *Counsel for Respondents*

CERTIFICATE OF SERVICE

I certify that on this day, July 6, 2020, I electronically filed the foregoing "Limited Answer to Petition for a Writ of Habeas Corpus" through CM/ECF, and that a copy was mailed by first-class U.S. Postal Service, postage prepaid, to Major Lennel Richardson, III, DOC No. 442-287, Jessup Correctional Institution, P.O. Box 534, Jessup, MD 20794.

*/s/ Jer Welter*
JER WELTER
Assistant Attorney General
Bar No. 29565

*Counsel for Respondents*