IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MAJOR LENNEL RICHARDSON, III, <br><br>          Petitioner, <br><br> v. <br><br> WARDEN ALLEN GANG, *et al.*, <br><br>          Respondents. | Civil Action No. PX-20-474 <br><br> (Habeas Corpus § 2254) |

**STATE RECORD**

BRIAN E. FROSH
Attorney General of Maryland

JER WELTER
Assistant Attorney General
Bar No. 29565

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6422
jwelter@oag.state.md.us

*Counsel for Respondents*

July 6, 2020

TABLE OF CONTENTS

1.    Docket entries for Case No. 22-K-15-000129
      in the Circuit Court for Wicomico County,
      Maryland..............................................................SR 1–5

2.    Indictment, filed Feb. 23, 2015, in Case No.
      22-K-15-000129 in the Circuit Court for
      Wicomico County, Maryland. ......................................SR 6–11

3.    Opinion of the Court of Special Appeals in
      *Major Lenell Richardson v. State*, No. 1901,
      Sept. Term 2015 (filed Aug. 4, 2016).........................SR 12–23

4.    Petition for Post Conviction Relief (first, *pro
      se*), filed Aug. 10, 2016, in Case No. 22-K-
      15-000129 in the Circuit Court for Wicomico
      County, Maryland .......................................................SR 24–34

5.    Order denying first postconviction petition,
      entered Aug. 22, 2016, in Case No. 22-K-15-
      000129 in the Circuit Court for Wicomico
      County, Maryland ..........................................................SR 35

6.    Mandate, issued Sept. 6, 2016, in *Major
      Lenell Richardson v. State*, No. 1901, Sept.
      Term 2015 ......................................................................SR 36

7.    Petition for Post Conviction Relief (second,
      *pro se*), filed Sept. 28, 2016, with marginal
      order denying entered Oct. 20, 2016, in
      Case No. 22-K-15-000129 in the Circuit
      Court for Wicomico County, Maryland. .....................SR 37–39

i

8.   Motion for Modification or Reduction of Sentence and Request for Hearing Pursuant to Md. Crim. Law Art. §5-609.1 (Justice Reinvestment Act), filed Oct. 3, 2017, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland...................................................SR 40–44

9.   State's Answer in Opposition to JRA motion, filed Oct. 4, 2017, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland .......................................................SR 45–46

10.  Supplement to State's Answer in Opposition to JRA motion, filed Nov. 7, 2017, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland...................................................SR 47–52

11.  Order denying JRA motion, entered Dec. 9, 2017, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland...........................................................SR 53

12.  Motion to reconsider denial of JRA motion (*pro se* letter), filed Jan. 12, 2018, with marginal order denying entered Feb. 8, 2018, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland...................................................SR 54–58

13.  Motion to Reconsider denial of JRA motion (counseled), filed Jan. 17, 2018, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland. .....................................SR 59–62

14. State's Answer in Opposition to motion to reconsider denial of JRA motion, filed Jan. 17, 2018, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland....................................................SR 63–64

15. Order denying counseled Motion to Reconsider, entered Jan. 18, 2018 in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland. ...........................................SR 65

16. Petition for Post Conviction Relief (third, counseled), filed Nov. 7, 2018, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland .....................................SR 66–70

17. Statement of Reasons and Order denying third postconviction petition, entered July 12, 2019, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland....................................................SR 71–76

18. Application for Leave to Appeal (*pro se*), filed Aug. 14, 2019, in Case No. 22-K-15-000129 in the Circuit Court for Wicomico County, Maryland .......................................SR 77–80

19. Opinion of the Court of Special Appeals, denying application for leave to appeal, in *Major Lennel Richardson v. State*, ALA Docket No. 1140, Sept. Term 2019 (filed Dec. 9, 2019) .............................................SR 81–82

20. Mandate, issued Jan. 24, 2020, in *Major Lennel Richardson v. State*, ALA Docket No. 1140, Sept. Term 2019 .....................................SR 83

iii



# CIRCUIT COURT FOR WICOMICO COUNTY
## CASE SUMMARY
### CASE NO. 22-K-15-000129

| CASE ASSIGNMENT | |
|---|---|
| **State of Maryland vs Major Lenell Richardson** | Court Address: **101 North Division Street, P.O. Box 198,** |
| Case Type: **Criminal Indictment** | **Salisbury, Maryland, 21801** |
| Case Status: **Closed** | Judicial Officer: **To Be Assigned** |
| Case Financial Balance: | Assigned On: **02/23/2015** |
| | Filed On: **02/23/2015** |

📞 *Main: 410-543-6551*

| Related Cases | | Cross Reference Numbers | |
|---|---|---|---|
| CSA-ALA-1140-2019 | Application for Leave to Appea | 157022000262 | Tracking Number\n15-7022-00026-2 |
| | | | Tracking Number\n22-S-15-000096    State's |
| | | Attorney Case | |

| PARTY INFORMATION | |
|---|---|

| | | **Attorneys** |
|---|---|---|
| Defendant | Richardson, Major Lenell | HARVEY, PATRICIA A B   Retained 10/03/2017 |
| | | MCDONNELL, MELISSA MARIE   Retained 11/08/2018 |
| | | MOORE, DAVID WHITFIELD   Retained  06/29/2015 |
| | | Public Defender, Wicomico County   Retained 09/29/2017 |
| | | SACCENTI, BRIAN MATTHEW   Retained  11/12/2015 |
| Plaintiff | State Of Maryland | BRITT, JAMES LEO   Removed  03/25/2019 |
| | | Calabrese, Michael   Retained  03/25/2019 |
| | | State's Attorney - Wicomico County   Retained 09/29/2017 |
| Police Officer | Banks#W213-X, J | |
| | Heath#291-X, Jeffrey | |
| | Moore#2265-X, Kenneth | |
| | Oliver3195-X, Jonathan | |
| | PHILLIPS2429-X, R A | |
| | Porta#4738-X, Michael J | |
| | Smullen#4779-X, Jason A | |
| | Welch#3532-X, Christopher | |
| | Widdowson0000-X, Todd | |

| CASE INFORMATION | |
|---|---|

Tracking No (s). *157022000262*

| Offense | Statute | Plea | Plea Date | Disposition | Disp Date |
|---|---|---|---|---|---|
| 1. CDS:POSS W/INTENT DIST: NARC | CR.5.602.(2) | Not Guilty with Agreed Statement of Facts | 9/16/2015 | Guilty | 10/15/2015 |
| 2. CDS:POSSESS-NOT MARIJUANA | CR.5.601.(a)(1) | | | Nolle Prosequi | 10/15/2015 |
| 3. CDS:POSS W/INTENT DIST: NARC | CR.5.602.(2) | | | Nolle Prosequi | 10/15/2015 |
| 4. CDS:POSSESS-NOT MARIJUANA | CR.5.601.(a)(1) | | | Nolle Prosequi | 10/15/2015 |

| SENTENCES | |
|---|---|

Sentence Date: 10/15/2015

SR 1



# CIRCUIT COURT FOR WICOMICO COUNTY
## CASE SUMMARY
### CASE NO. 22-K-15-000129

**Confinement by Count**

Count: 1. Cds:Poss W/Intent Dist: Narc CR.5.602.(2)
    Term: 25Y0M0D0H
    Suspend All But: 25Y0M0D0H
    Comments:

| | |
|---|---|
| Confinement Facility | DIVISION OF CORRECTION-MARYLAND HOUSE CORRECTION |
| Credit for time served | |
| Other Jurisdiction | |
|    StartDate | 06/26/2015 |
|    CreditDays | 111 |
|    TotalTermYears | 25 |
|    TotalTimetoServeYears | 25 |
|    Corrections | |

**Converted Disposition**

    Converted Net Totals
    Jail
    Credit Days: 111
    Serve Years: 25

**Converted Disposition**

    JAIL
    Years: 25
    UnSuspYears: 25
    FreeText: Court finds Defendant is a subsequent offender. Mandatory minimum pursuant to CR.5.608(c).

| HEARINGS | | | |
|---|---|---|---|
| 09/16/2015 | 9:00AM | Hearing - Plea | Concluded / Held |
| 10/15/2015 | 9:00AM | Hearing - Sentencing | Concluded / Held |
| 06/29/2015 | 9:00AM | Hearing - Initial Appearance | Concluded / Held |
| 06/29/2015 | 9:00AM | Hearing - Bail/ Bond Review | Concluded / Held |
| 12/08/2017 | 9:00AM | Hearing - Sentence Modification/ Reconsideration | Concluded / Held |
| 03/29/2019 | 10:30AM | Hearing - Post Conviction | Concluded / Held |

| EVENTS | |
|---|---|
| 02/23/2015 | Attorney Appearance Filed |
| 02/23/2015 | Additional Disclosure By State |
| 02/23/2015 | Warrant Issued |
| 02/23/2015 | Criminal Indictment |
| 02/23/2015 | Motion |
| 02/23/2015 | Order |
| 02/23/2015 | Designation / List Witness(es) |
| 06/26/2015 | Criminal Assignment Notice |
| 06/26/2015 | Criminal Assignment Notice |
| 06/26/2015 | Miscellaneous Document |
| 06/26/2015 | Sealed / Secret Status Removed |
| 06/29/2015 | Defense Attorney Appearance Filed |
| 06/29/2015 | Hearing Sheet / Open Court Proceedings |
| 06/29/2015 | Result Reason: Trial/Hearing Concluded |
| 06/29/2015 | Result Reason: Trial/Hearing Concluded |

SR 2



# CIRCUIT COURT FOR WICOMICO COUNTY
## CASE SUMMARY
### CASE NO. 22-K-15-000129

| | |
|---|---|
| 07/10/2015 | Criminal Assignment Notice |
| 07/10/2015 | Writ - Habeas Corpus |
| 07/21/2015 | Additional Disclosure By State |
| 09/16/2015 | Hearing Sheet  / Open Court Proceedings |
| 09/16/2015 | Result Reason: Trial/Hearing Concluded |
| 09/17/2015 | Criminal Assignment Notice |
| 10/05/2015 | Drug Court Participant Contract |
| 10/13/2015 | Motion |
| 10/15/2015 | Defendant Received Notice of Post - Trial Rights |
| 10/15/2015 | Hearing Sheet  / Open Court Proceedings |
| 10/15/2015 | Commitment Record Issued |
| 10/15/2015 | Result Reason: Trial/Hearing Concluded |
| 10/16/2015 | Sheriffs Return |
| 10/28/2015 | Application for Review of Sentence |
| 10/29/2015 | Notice of Appeal Filed |
| 10/30/2015 | Copy of MD Sentencing Guidelines filed |
| 10/30/2015 | Line |
| 10/30/2015 | Line |
| 11/02/2015 | Determined to be Not Eligible for Drug Court |
| 11/02/2015 | Determined to be Not Legally Eligible for Drug Court |
| 11/05/2015 | Motion / Request for New Trial |
| 11/06/2015 | Correspondence |
| 11/12/2015 | Defense Attorney Appearance Filed |
| 11/12/2015 | Correspondence |
| 11/17/2015 | Correspondence |
| 11/30/2015 | Returned Mail |
| 12/14/2015 | Motion |
| 12/14/2015 | Motion |
| 12/15/2015 | Transcript |
| 12/21/2015 | Order |
| 12/23/2015 | Transcript |
| 12/28/2015 | Line |
| 12/31/2015 | Commitment to MDH |
| 01/04/2016 | Commitment to MDH |
| 01/07/2016 | Certified Mail Return Receipt Received |
| 01/15/2016 | Motion |
| 02/12/2016 | Motion / Request for MDH Drug & Alcohol Evaluation HG-8-505 |
| 02/23/2016 | Line |
| 02/26/2016 | Correspondence |
| 03/03/2016 | Transcript |
| 03/04/2016 | Line |
| 03/31/2016 | Line |
| 08/10/2016 | Petition for Post Conviction |
| 08/11/2016 | Line |

SR 3



# CIRCUIT COURT FOR WICOMICO COUNTY
## CASE SUMMARY
### CASE NO. 22-K-15-000129

| | |
|---|---|
| 08/11/2016 | Reopen/Post-Conviction |
| 08/16/2016 | Answer |
| 08/19/2016 | Order - Motion/Request/Petition Denied |
| 09/09/2016 | Mandate Received from Court of Special Appeals |
| 09/28/2016 | Petition for Post Conviction |
| 09/30/2016 | Answer |
| 09/30/2016 | Line |
| 09/30/2016 | Reopen/Post-Conviction |
| 10/18/2016 | Mandate Received from Court of Special Appeals |
| 10/20/2016 | Order - Motion/Request/Petition Denied |
| 01/03/2017 | Defense Attorney Appearance Filed |
| 09/29/2017 | Attorney Appearance for State |
| 10/03/2017 | Motion - Revise Sentence |
| | Party Defendant Richardson, Major Lenell |
| 10/04/2017 | Answer to Modification / Reconsideration of Sentence |
| 11/07/2017 | Answer to Modification / Reconsideration of Sentence |
| | Filed by Plaintiff State Of Maryland |
| 11/08/2017 | Line |
| | Filed by Defendant Richardson, Major Lenell |
| 11/13/2017 | Line |
| | Filed by Defendant Richardson, Major Lenell |
| 11/20/2017 | Line |
| | Filed by Defendant Richardson, Major Lenell |
| 12/08/2017 | Hearing Sheet  / Open Court Proceedings |
| 12/09/2017 | Order - Motion/Request/Petition Denied |
| 01/12/2018 | Motion - Reconsideration |
| | Filed by Defendant Richardson, Major Lenell |
| 01/17/2018 | Answer to Modification / Reconsideration of Sentence |
| | Filed by Plaintiff State Of Maryland |
| 01/17/2018 | Motion - Reconsideration |
| | Filed by Defendant Richardson, Major Lenell |
| 01/18/2018 | Order - Motion/Request/Petition Denied |
| 02/08/2018 | Order - Motion/Request/Petition Denied |
| 11/07/2018 | Defense Attorney Appearance Filed |
| | Counsel Public Defender Public Defender, Wicomico County |
| | For Defendant Richardson, Major Lenell |
| | Amount: 0.00 |
| 11/07/2018 | Petition for Post Conviction |
| | FIled by Defendant Richardson, Major Lenell |
| 11/07/2018 | Reopen/Post-Conviction |
| 11/13/2018 | State's Answer/Motion/Petition |
| | Filed by Plaintiff State Of Maryland |
| 11/15/2018 | Judge's Response |
| 02/12/2019 | Motion - Postponement/Continuance |
| | Filed by Plaintiff State Of Maryland |

SR 4



# CIRCUIT COURT FOR WICOMICO COUNTY
## CASE SUMMARY
### CASE NO. 22-K-15-000129

| | |
|---|---|
| 02/12/2019 | Return of Service - Served |
| | Service For Witness - State |
| | Pay By:02/12/2019 |
| 02/13/2019 | Order/Rul - Postponement/Continuance - Granted |
| 02/26/2019 | Return of Service - Served |
| | Filed by Plaintiff State Of Maryland |
| | Service For Witness - State |
| | Pay By:02/25/2019 |
| 03/25/2019 | Attorney Appearance for State |
| | Counsel State's Attorney State's Attorney - Wicomico County |
| | Amount: 0.00 |
| 03/28/2019 | State's Answer/Motion/Petition |
| | Filed by Plaintiff State Of Maryland |
| 03/29/2019 | Hearing Sheet  / Open Court Proceedings |
| 04/02/2019 | Exhibits / Records Returned |
| 07/16/2019 | Order |
| 08/19/2019 | Application for Leave to Appeal |
| | Party Defendant Richardson, Major Lenell |
| 08/19/2019 | Miscellaneous Document |
| 08/19/2019 | Miscellaneous Document |
| 09/03/2019 | Waiver for Prepayment Appellate Costs |
| 09/03/2019 | Waiver for Prepayment of costs / Assembly record for appeal |
| 09/10/2019 | Order - Waiver of Prepaid Costs Granted |
| 09/17/2019 | Copies Mailed |
| 09/17/2019 | Original Record Sent |
| 09/17/2019 | Case Summary |
| 09/26/2019 | Order Received from Court of Special Appeals |
| 12/31/2019 | Motion / Request for MDH Drug & Alcohol Evaluation HG-8-505 |
| | Filed by Defendant Richardson, Major Lenell |
| 01/22/2020 | Order - Motion/Request/Petition Denied |
| 01/24/2020 | Mandate Received from Court of Special Appeals |
| 03/05/2020 | Copies Mailed |
| 03/05/2020 | Request for Copies |

SR 5

STATE OF MARYLAND                IN THE CIRCUIT COURT FOR
versus                          WICOMICO COUNTY
MAJOR LENELL RICHARDSON         STATE OF MARYLAND

Address: 619 SCHUMAKER LANE
         SALISBURY MD,21801     SEPTEMBER TERM 2014

----------------------------------------------------------------
                          INDICTMENT
----------------------------------------------------------------

          (1)  CDS:POSS W/INTENT DIST: NARC

          (2)  CDS:POSSESS-NOT MARIJUANA

          (3)  CDS:POSS W/INTENT DIST: NARC

          (4)  CDS:POSSESS-NOT MARIJUANA

----------------------------------------------------------------
The Grand Jurors of the State of Maryland, for the body of Wicomico County,
September Term,2014, do on their oath Present and Charge:
----------------------------------------------------------------

**TO THE PERSON CHARGED:**

1. This paper charges you with committing a crime.
2. If you have been arrested, you have a right to
   have a judicial officer decide whether you
   should be released from jail until your trial.
3. You have the right to have a lawyer.
4. A lawyer can be helpful to you by:
   (a)explaining the charges in this paper;
   (b)telling you the possible penalties;
   (c)helping you at trial;
   (d)helping you protect your constitutional
      rights; and
   (e)helping you to get a fair penalty if convicted.
5. Even if you plan to plead guilty, a lawyer can
   be helpful.
6. If you want a lawyer but do not have the money
   to hire one, the Public Defender may provide a
   lawyer for you. The court clerk will tell you
   how to contact the Public Defender.
7. If you want a lawyer but you cannot get one and
   the Public Defender will not provide one for you,
   contact the court clerk as soon as possible
8. DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET
   A LAWYER. If you do not have a lawyer before the
   trial date, you may have to go to trial without
   one.

CRIMINAL JUSTICE
INFORMATIION SYSTEM DATA:

District Court No. 0000000000
         00-0000-00000-0
St.Atty.File No. 22-S-15-000096

COPY FOR        **15-7022-00026-2**

COURT:_____

DEFENDANT:_____

DEF.ATTY:_____

STATE'S ATTY:_____

APPEARANCE DATE:_____

015

**Count 1**

THAT MAJOR LENELL RICHARDSON, on or about the 28th day of
January, 2015, in Wicomico County, State of Maryland, did
unlawfully possess a controlled dangerous substance of
Schedule II, to wit: cocaine, a narcotic drug, in sufficient
quantity to reasonably indicate, under all circumstances, an
intention to distribute same, contrary to the form of the
Act of Assembly in such cases made and provided, against the
peace, government and dignity of the State.

Art. CR Sec. 5.602.(2)

014

### Count 2

THAT MAJOR LENELL RICHARDSON, on or about the 28th day of January, 2015, in Wicomico County, State of Maryland, did possess a controlled dangerous substance of Schedule II, to wit: cocaine, contrary to the form of the Act of Assembly in such cases made and provided, against the peace, government and dignity of the State.

Art. CR Sec. 5.601.(a)(1)

015

## Count 3

THAT MAJOR LENELL RICHARDSON, on or about the 28th day of
January, 2015, in Wicomico County, State of Maryland, did
unlawfully possess a controlled dangerous substance of
Schedule I, to wit: heroin, a narcotic drug, in sufficient
quantity to reasonably indicate, under all cirucmstances, an
intention to distribute same, contrary to the form of the
Act of Assembly in such cases made and provided, against the
peace, government and dignity of the State.

Art. CR Sec. 5.602.(2)

016

### Count 4

THAT MAJOR LENELL RICHARDSON, on or about the 28th day of
January, 2015, in Wicomico County, State of Maryland, did
possess a controlled dangerous substance of Schedule I, to
wit: heroin, contrary to the form of the Act of Assembly in
such cases made and provided, against the peace, government
and dignity of the State.

Art. CR Sec. 5.601.(a)(1)

017

**INDICTMENT**

THIS INDICTMENT PRESENTED to the Grand Jury for Wicomico County, State of

Maryland, through the testimony of the following witness(es), this *23rd* day of

*February*, 2015;

WITNESS (ES):

OFFICER JOHN OLIVER          SALISBURY POLICE DEPT          WICOMICO

_____

MATTHEW A. MACIARELLO
State's Attorney for
Wicomico County, Maryland

THIS INDICTMENT, consisting of the foregoing _*4*_ count(s), having been

presented to and considered by the Grand Jury for Wicomico County, State of Maryland,

is hereby endorsed.

A TRUE BILL

Date: _*2/23*_, 2015.          _____

Foreman of the Grand Jury

FILED

2015 FEB 23  PM 2: 30

CLERK, WICOMICO CO.

018

<u>UNREPORTED</u>

<u>IN THE COURT OF SPECIAL APPEALS</u>

<u>OF MARYLAND</u>

No. 1901

September Term, 2015

_____

MAJOR LENELL RICHARDSON

v.

STATE OF MARYLAND

_____

Krauser, C.J.,
Woodward,
Salmon, James, P.
    (Retired, Specially Assigned),

JJ.
_____

Opinion by Woodward, J.
_____

Filed:  August 4, 2016

*This is an unreported opinion, and it may not be cited in any paper, brief, motion, or other document filed in this Court or any other Maryland Court as either precedent within the rule of stare decisis or as persuasive authority.  Md. Rule 1-104.

Appellant, Major Lenell Richardson, was convicted of possession with intent to distribute a controlled dangerous substance (cocaine) after a bench trial on an agreed statement of facts in the Circuit Court for Wicomico County.  He was thereafter sentenced as a third time offender to a term of twenty-five years' imprisonment without the possibility of parole under the subsequent offender penalty provisions found in Maryland Code (2002, 2012 Repl. Vol.), § 5-609(c) of the Criminal Law Article.

Before this Court, appellant presents one question for our review: Did the trial court commit reversible error by conducting a belated jury trial waiver and providing inaccurate advice about appellant's trial options?

For the reasons that follow, we affirm the judgment of the circuit court.

## BACKGROUND

As indicated, appellant pleaded not guilty and proceeded on an agreed statement of facts.  At the outset of that proceeding, the trial court conducted *voir dire* of appellant and explained the many trial rights that he would be giving up by not contesting the facts of his case.  Then, the State recited the agreed statement of facts.[1]  Immediately after the recitation

---

[1] The statement of facts established that appellant, with the assistance of others, was seen distributing what the police believed to be controlled dangerous substances in the parking lot of a shopping center.  Once appellant left the shopping center parking lot as a passenger in a black Jeep Cherokee, the police stopped the vehicle and conducted a K-9 scan, which resulted in a positive alert for the presence of an odor of narcotics.  When the driver, Lateasha Whitehead, exited the vehicle, a police officer noticed that her pants were unbuttoned.  When the officer asked Whitehead about her pants, "[s]he immediately told detectives that her pants were unbuttoned because she had just concealed narcotics in her vagina at the request of [appellant]."  At the police station, the police recovered a capsule from Whitehead's vagina containing "53 individually wrapped pieces of crack cocaine."

(continued…)

1

of the statement of facts, the court addressed appellant's waiver of his right to a jury trial, as follows:

| | |
|---|---|
| THE COURT: | Stand up a minute, Mr. Richardson. Mr. Richardson, I have not yet advised you of your rights to a jury. You understand you have the absolute right to be tried by a jury on these charges?  Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | In a jury trial, 12 people selected at random from the community would hear the evidence.  After hearing the evidence, they would all have to agree upon their verdict.  They would all have to be convinced beyond a reasonable doubt of your guilt before a jury would find you guilty, and you and [defense counsel] would have the right to participate in the selection of that jury?  Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | **And you could be tried by a jury or you can waive your right to a jury trial and be tried by the Court without a jury, in which event, I would hear the evidence, and I would decide your guilt or innocence based on that statement of facts that was just presented. Do you understand that?** |

---

After waiving their *Miranda* rights, both appellant and Whitehead admitted that appellant gave the capsule to Whitehead to hide after they were stopped by police.

2

−Unreported Opinion−

| | |
|---|---|
| [APPELLANT]: | Yes. |
| THE COURT: | And if you elected a jury trial, I would also give you the right to elect to be tried by a different judge if you so desired. Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | Understanding all of that, do you want to be tried by a jury or do you want to waive your right to a jury trial and be tried by this Court? |
| [APPELLANT]: | Yes. |
| THE COURT: | What? Do you want to waive your right to a jury trial— |
| [APPELLANT]: | Yes. |
| THE COURT: | —and be tried by the Court? |
| [APPELLANT]: | Yes. |
| THE COURT: | Okay. I find the defendant has knowingly and voluntarily waived his right to a trial by jury. All right. You may be seated. Now, do you wish to be heard on guilt or innocence based on the facts as submitted? |
| [DEFENSE COUNSEL]: | I don't. I submit on the facts, Your Honor. |

(Emphasis added).

3

## DISCUSSION

### The Contentions

Appellant contends that the trial court erred in two discrete ways when conducting the jury trial waiver colloquy. He first argues that the trial court erred by conducting the colloquy after the agreed upon statement of facts was recited, in violation of Maryland Rule 4-246, which states that a "defendant may waive the right to a trial by jury at any time before the commencement of trial." *See* Md. Rule 4-246(b). Second, he contends that the trial court erred by not explaining that appellant could have had a "traditional bench trial," in which he could both contest the State's evidence and present his own evidence.

The State responds that appellant's claims are waived, because no objection was made at trial to the court's allegedly defective jury trial waiver colloquy. In the alternative, the State argues that the trial court made no error.

### Timing of Jury Trial Waiver Colloquy

Pursuant to Maryland Rule 8-131(a), our scope of appellate review is "ordinarily" limited to an issue that was "raised in or decided by the trial court." Rule 8-131(a) has two purposes: to ensure fairness to all parties and to promote the orderly administration of the law. *Boulden v. State*, 414 Md. 284, 297 (2010). Appellant's argument that the jury trial waiver colloquy was untimely in violation of Rule 4-246 was unquestionably waived when no objection was raised at trial.

In *Boulden*, the Court of Appeals considered the application of the preservation requirement to an error almost identical to appellant's claim of error regarding the timing

4

of the jury trial waiver colloquy.  *See id.* at 296.  There, Boulden argued "that a criminal defendant may not waive effectively his or her right to a jury trial" where the waiver colloquy took place at the close of the State's case.  *Id.*  The Court of Appeals held that, because of the failure to interpose a timely objection, "Boulden waived her right to complain about the timing and effectiveness of the jury trial waiver colloquy."  *Id.* at 296-97.  We believe that *Boulden* is controlling and hold that appellant has failed to preserve for appeal his argument that the trial court erred by conducting the jury trial waiver colloquy after the State had recited the agreed upon statement of facts.

Furthermore, even if appellant's argument regarding the trial court's alleged violation of Rule 4-246 was preserved, *Boulden* forecloses it.  *See Boulden*, 414 Md. at 313 (holding, after exercising its discretion under Rule 8-131(a) to decide the unpreserved issue, that the trial court's violation of Rule 4-246 was harmless error and did not prejudice Boulden, because she "stated unambiguously in open court that she understood the right and that she wished to waive it," and "it is not unreasonable to surmise that the failure to object was a matter of strategic choice").

### The Omission of Advice About a "Traditional Bench Trial"

Again, because he failed to object to the jury trial waiver colloquy, appellant has not preserved his second argument for appellate review.  *See* Md. Rule 8-131(a); *Nalls v. State*, 437 Md. 674, 693 (2014) ("[T]he appellate courts will continue to review the issue of a trial judge's compliance with Rule 4-246(b) provided a contemporaneous objection is raised in the trial court to preserve the issue for appellate review.").

Appellant would fare no better on his second argument even if it was preserved. Appellant contends that the trial court did not adequately ensure that his jury trial waiver was knowing and voluntary. Appellant's argument rests entirely on the court's explanation to appellant during the jury trial waiver colloquy that, if appellant waived his right to a jury trial, the trial court "would hear the evidence, and [ ] would decide [appellant's] guilt or innocence based on that statement of facts that was just presented." Appellant claims that the court erred when it did not also explain that, if appellant wanted to waive his right to a jury trial, that he had the option of a "traditional bench trial," in which "the State would have been compelled to present evidence against him, the defense would have had the opportunity to cross examine the State's witnesses, and [appellant] would have been able to present his own evidence."

Appellant's contention overlooks the fact that appellant had, by the point where the jury trial waiver occurred, already validly waived his right to contest the evidence. The following examination of appellant occurred on the record before the agreed upon statement of facts was recited:

| THE COURT: | We are going to go ahead with a not guilty statement of facts. |
|---|---|
| [DEFENSE COUNSEL]: | A not guilty statement of facts, Judge, yes. |
| THE COURT: | All right. You are [appellant]? |
| [APPELLANT]: | Yes, sir. |

***

_____

| | |
|---|---|
| THE COURT: | All right. Your attorney indicates you want to plead not guilty but proceed on a statement of facts to the charge of possession with the intent to distribute a controlled dangerous substance, not marijuana. The maximum penalty if you are found guilty of that charge is 20 years in jail or a $25,000 fine. |
| [PROSECUTOR]: | Actually, Your Honor, we served notice on the defendant. He is now facing 25 years mandatory minimum without the possibility of parole. |
| THE COURT: | That's because of the subsequent offender? |
| [PROSECUTOR]: | Yes, because of the subsequent offender. |
| THE COURT: | 25-year mandatory minimum with no parole. Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | If I accept the plea—or if I find you guilty of those statement of facts, then the maximum sentence would be 25 years mandatory minimum sentence. So that means it would be imposed, the 25 years without the possibility of parole. Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | And do you understand what that charge means, possession with the intent to distribute a controlled dangerous substance not marijuana, and what the State would have to prove in order to prove you guilty? |

7

_____

| | |
|---|---|
| [APPELLANT]: | Yes. |
| THE COURT: | Have you discussed that with [defense counsel], and you understand it? |
| [APPELLANT]: | Yes. |
| THE COURT: | Is that correct, [defense counsel]? |
| [DEFENSE COUNSEL]: | Judge, we have, many times. Thank you. |
| THE COURT: | Okay.  And you understand **when you proceed on a statement of facts, there aren't any witnesses being called.**  The State will just give me a statement of facts, and I will decide your guilt or innocence based on that statement of fact.  **Under our Constitution, you have the right to confront and cross-examine the witnesses against you**.  When you proceed on a statement of facts, there are no witnesses, **so you will be waiving that right.**  Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | And you also understand that under our Constitution, **you could testify if you wanted to**?  You wouldn't have to because **you have the absolute Constitutional right to remain silent**.  And if you remain silent, neither a Judge nor a jury could infer in any way that you were guilty just because you didn't testify.  **But when you proceed on a statement of facts, you wouldn't have the opportunity to testify if you wanted to.**  Do you understand that? |

8

_____

| | |
|---|---|
| [APPELLANT]: | Yes. |
| THE COURT: | And you also understand if I find you guilty, you would have 30 days to file an appeal to the Court of Special Appeals. Do you understand that? |
| [APPELLANT]: | Yes. |
| THE COURT: | How old are you, sir? |
| [APPELLANT]: | 43. |
| THE COURT: | How far did you go in school? |
| [APPELLANT]: | I got my GED. |
| THE COURT: | You can read and write then, I assume? |
| [APPELLANT]: | Yes. |
| THE COURT: | Okay. Has anybody threatened you with anything or promised you anything to get you to proceed on a statement of facts? |
| [APPELLANT]: | No. |
| THE COURT: | Are you under the influence of any alcohol, drugs or medications this morning? |
| [APPELLANT]: | No. |
| THE COURT: | [Defense counsel], are you satisfied that your client understands the rights he is waiving by proceeding on a statement of facts? |
| [DEFENSE COUNSEL]: | I do, Judge. |

9

Appellant cites to no authority, and we are otherwise not aware of any, standing for the proposition that a knowing jury trial waiver must contain specific advice about a "traditional bench trial." The Committee Note for Rule 4-246, which sets forth areas of inquiry for determining whether a waiver is knowing, makes no mention of bench trials at all.[2] Moreover, the jury trial waiver was otherwise valid. When asked, appellant said that

---

[2] The Committee Note reads:

> Although the law does not require the court to use a specific form of inquiry in determining whether a defendant's waiver of a jury trial is knowing and voluntary, the record must demonstrate an intentional relinquishment of a known right. What questions must be asked will depend upon the facts and circumstances of the particular case.

> In determining whether a waiver is *knowing*, the court should seek to ensure that the defendant understands that: (1) the defendant has the right to a trial by jury; (2) unless the defendant waives a trial by jury, the case will be tried by a jury; (3) a jury consists of 12 individuals who reside in the county where the court is sitting, selected at random from a list that includes registered voters, licensed drivers, and holders of identification cards issued by the Motor Vehicle Administration, seated as jurors at the conclusion of a selection process in which the defendant, the defendant's attorney, and the State participate; (4) all 12 jurors must agree on whether the defendant is guilty or not guilty and may only convict upon proof beyond a reasonable doubt; (5) if the jury is unable to reach a unanimous decision, a mistrial will be declared and the State will then have the option of retrying the defendant; and (6) if the defendant waives a jury trial, the court will not permit the defendant to change the election unless the court finds good cause to permit the change.

> In determining whether a waiver is voluntary, the court should consider the defendant's responses to questions such as: (1) Are you making this decision of your own free will?; (2) Has anyone
> (continued…)

he understood that he had an "absolute right to be tried by a jury on these charges," and

that

> [i]n a jury trial, 12 people selected at random from the community would hear the evidence. After hearing the evidence, they would all have to agree upon their verdict. They would all have to be convinced beyond a reasonable doubt of your guilt before a jury would find you guilty, and you and [defense counsel] would have the right to participate in the selection of that jury[.]

Under the circumstances of this case, we find no error and affirm the judgment of

the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED; APPELLANT TO PAY COSTS.**

---

offered or promised you anything in exchange for giving up your right to a jury trial?; (3) Has anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?

Md. Rule 4-246 Committee note (emphasis in original).  *See also Nalls*, 437 Md. at 689 & n.4.

Major L. Richardson                      In the Circuit Court
Petitioner                               Wicomico County, Maryland
        vs.                              Case No. 22-K-15-000129
State of Maryland
Respondent                               August 5, 2016

## Petition for Post Conviction Relief

Now comes, Major L. Richardson Petitioner, Proceeding Pro Se and submits this Petition for Post Conviction Relief; under the Uniform Post Conviction Procedure Act, Md. Crim. Proc. Code Ann. 7-101, et seq. and Md. Rules 4-401 through 4-408. Pursuant to the United States Constitution, The Declaration of Rights of Maryland, and any specifically cited or uncited harmonizing state or federal law, statue, rule or case law, is petitioning this court for post conviction relief.

## Petitioner states the following:

1. The petitioner is unable to pay the cost of these proceeding or employ private counsel.

2. He is incarcerated as a result of a guilty finding by a Judge D. William Simpson and sentences challenged herein at the Maryland Correctional Institution - Jessup, Maryland. 20794, identified as # 442287 Major Lennel Richardson III. P.O. Box 534 Jessup, M.D. 20794

3. The petitioner is impoverished by reason of his incarceration and unable to pay any cost or fees, therefore, requests that they be waived. This is the first petition for Post Conviction Relief filed.

4. A trial by Judge was held on October 15, 2015 before the Honorable D. William Simpson, for possession with intent to distribute cocaine. The petitioner was imposed a sentence of 25 years mandatory minimum.

5. A Motion for Drug court was filed September 27, 2015 and denied October 13, 2015, A motion for House Bill 121 was filed October 12, 2015 and denied November 10, 2015. The petitioner also filed for Motion for new trial October 20, 2015 and all

a.

denied by Judge D. William Simpson. Petitioner also filed for a Review of Sentence October 23, 2015 and denied December 15, 2015 by Judge Thomas C. Groton III, Judge Richard R. Bloxom and Judge Brian D. Shockley.

6. Allegations of Error that Petitioner is raising are:

1. A. Failure to take a particular action on the record (during pretrial motions, trial, sentencing, and/or post trial motions) and thus presumably in the transcript.

B. Manner of Handling a particular action on the record.

C. Taking an action harmful to the client on the record

2. A.        Substance of serious attorney errors

b. Failure to interview states witness

C. Failure to explain tangible evidence

d. Failure to have allegedly inculpatory physical evidence independently examined

E. Failure to investigate weakness in the States case

F. Failure to prepare for trial

G. Failure to prepare the defendant to testify

3. A.        Mandatory pretrial motions

b. Fourth Amendment and Maryland requirements regarding search and seizure

C. Fifth Amendment and Maryland requirements regarding confessions, e.g; voluntariness, Miranda and promises and inducements

d. The sixth Amendment requires a fair trial

E. Right to confrontation, the sixth Amendment Right to confrontation guarantees face-to-face confrontation, and guarantees the right to cross examine witness against the defendant, precluding testimonial hearsay in most circumstances

F. The sixth Amendment Right to compulsory process guarantees the defendant the right to call any witness

**3.**

**g.** Fifth/Fourteenth Amendment Due Process Clause: As to EACH element of EACH offense and the criminal agency of the defendant the Fourteenth Amendment Due Process Clause in state criminal justice systems and the Fifth Amendment Due Process clause in the federal criminal justice system place on the prosecution (1) the burden of production, the burden of producing a prima facie case (tested through a motion for judgment of acquittal at the end of the prosecution's case-in-chief), and (2) the burden of persuasion, persuading the fact finder (judge) of guilt beyond a reasonable doubt.

**4.A** Prosecutorial misconduct in not disclosing exculpatory material: The prosecutor is required to disclose exculpatory evidence, evidence (a) that, if believed, would tend toward a "not guilty" verdict or a lesser sentence, or (b) that could be used to impeach prosecution witness. As to issue (4) prosecutors and police are required to provide all exculpatory evidence, whether requested by the defendant or not. Exculpatory evidence includes (1) evidence that, if believed by a fact finder, (a) would make the defendant (i) not guilty (ii) guilty but-less culpable, and/or (2) impeachment evidence, which (iii) subject to lesser penalty, or (b) make someone else guilty. Under the rules of evidence, may have been used to impeach a state's witness. The best example of impeachment evidence is an undisclosed agreement between the state, police or prosecutor and a witness who cooperated with the state, and thus who could have been impeached based on biased testimony because that witness's better deal comes from testifying favorably for the state. As to issue at hand, sentencing judges are prohibited from imposing a sentence that violates the law in any way, and an illegal sentence issue may be raised at any time

**b.** Failure to disclose exculpatory evidence

**c.** Exculpatory evidence as to the defendant

**d** Evidence as to witness

4.

E. Failure to disclose impeachment evidence in police and or prosecution files.

F. Evidence that a witness who testified /written statement was the defendant accomplice, co-defendant turned witness.

g. Other impeachment evidence

5. A. Failure as to jury

b. Failure to seek continuance because of witness statement admitted day of trial, stating she was threatened and coerced by the police to write the first statement against the defendant.

c. Failure to sufficiently investigate the case to be capable of recommending whether the defendant should accept or make a plea "not guilty / statement of facts".

d. Pleading guilty when incapable of understanding the proceedings.

E. Permitting the court to accept a guilty plea not supported by a factual basis or supported by a factual basis that the state would not be able to prove.

6. A. Failure to advise the defendant of the advantages and disadvantages of a jury trial versus a court trial

b. Failure to object to prosecution evidence

c. Insufficient evidence of chain of custody

d. Prior inconsistent statements

E. Cross-examination of prosecution fact witness, or statement

F. Bias/motive, favorable treatment for testimony

7. A. Failure to request a motion for judgment of acquittal

b. Missing witness

c. Argument not supported by the evidence

d. Failure to make a closing argument

E. Failure to object to improper argument/rebuttal argument argument by the state

8. A. Failure to suppress evidence

b. Failure to subpoena evidence

c. Failure to present factual and legal arguments supporting evidence

5.

d. Failure to properly advise the defendant regarding testifying versus not testifying.

E. Opening the door and allowing the state to introduce otherwise inadmissible evidence

9 A. Failure to request a pre-sentence investigation (PSI)

b. Failure to request or object to an illegal sentence

C. Failure to investigate and refute negative information in the PSI

d. Failure to present mitigating factors and evidence, diminish capacity

E. Cumulative effect of multiple serious attorney errors

10 A. Failure to properly advise regarding post-trial pleadings

b. Motion for a new trial based on newly discovered evidence

C. Failure to advise or put in post trial motions

11. A. Judge fails to excercise required discretion

b. Judge sentences because the judge "always sentences that way, unrelated to this case.

c. Judge imposes a sentence that is cruel and unusual

d. Other illegalities for which post conviction relief is available

(Statement of facts)

7. Petitioner seeks post conviction relief in state court on numerous grounds, among them that counsel had rendered ineffective assistance at the sentencing proceeding. Respondent challenged counsels assistance in several respects. He asserted that counsel was ineffective because he failed to move for a continuance due to a written statement from state witness stating she was coached, coerced and threaten to write a statement against petitioner. Also to investigate, present state witness, cross examine witness, suppress the original statement against petitioner. Suppress evidence to support the conviction and arrest. The suppression of certain evidence. Suppression of plea. Probable cause for illegal search and seizure, no valid warrant.

a. The trial judge erred when he did not suppress evidence. He allowed into evidence that was tainted by the state.

6.

b. Petitioner also claims prosecutorial misconduct by States Attorney.

c. Counsel failed to reveal Latesha Whitehead's inconsistent testimony in court on record. Her statement saying she was coached threatening and forced to write a statement.

d. State, and counsel failed to impeach Whitehead.

e. Petitioners counsel failed to afford Petitioner with his Right to due process by not effectively explaining his Rights to a plea or the absolute maximum penalties of this crime.

Petitioners counsel did not at any time discuss the nature or the elements of the charges with him other than to tell him what he was charged with, nor was there an examination on the record, nor did the court inform Petitioner of the nature of the plea.

This allegation was not and cannot be deemed waived because until State v Daughtry the courts in Maryland had been relying on nothing more than a presumption that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is asked to plead guilty to and to raise the issue previously would have to no avail.

With the retrospective application of State v Daughtry and the fact that it set forth the proper interpretation of Rule 4-242(c) Petitioner is entitled to the benefit of the ruling.

f. The nondisclosure of this evidence affecting the coconspirators credibility violated due process and justified a new trial, irrespective of the governments good faith or bad faith. The controversy in this case centers around the testimony of Latesha Whitehead statement written, Petitioners alleged coconspirator in the offense and the witness linking Petitioner with the crime. Who's statement has been coerced by the task force coached, and threaten. Here the Government case depended entirely on Latesha Whitehead's written coerced threatened statement. Without it there could have been no indictment and

7.

No evidence to carry the case to trial. Whitehead credibility as a witness was therefore an important issue in the case, and evidence of any understanding, agreement, threats, promises or coaching as to a future prosecution would be relevant to her credibility and the defense was entitled to know of it.

g. In determining whether due process requires a new trial because of an police threats, and promises to a coconspirator Latesha White Head that she would not be prosecuted if she write a statement for the government against her coconspirator, and the government's failure to disclose this promise, neither the police authority nor his failure to inform his superiors or his associates is controlling whether the nondisclosure was a result of negligence or design, it is the prosecutors responsibility.

h. A conviction secured by the use of false evidence must fall under the due process clause where the state, although not soliciting the false evidence, allows it to go uncorrected when it appears.

I. Counsel failed to fight lack of evidence supporting state conviction of criminal offense as violation of federal due process of petitioners

J. Inadequate assistance of counsel, this means that in most cases a defense attorney, should interview the witness that the government had.

K. Moore failed to impeach the one witness with prior inconsistent statement and in another situation allowed the introduction of it without objections.

L. The state failed to establish that witness was unavailable and used such witness statement in the cross-examination of defendant, reversible error occurred as the defendant constitutional right to confrontation was violated. As a result of the admission of this hearsay statement.

8.

M.  A confession is admissible under Maryland common law if it was freely and voluntarily given. Under Maryland non constitutional law, a confession is inadmissible unless it is shown to be free of any coercive barnacles that may have attached by improper means to prevent the expression from being voluntary. Thus, a confession is involuntary if it was induced by force, undue influence, improper means, promises or threats. Voluntariness is determined by a totality of the circumstances, which includes; where the interrogation was conducted, its length, who was present, how it was conducted, its content, whether the defendant was given Miranda warning, the mental and physical condition of the defendant, the age, background, experience, education, character, and intelligence of the defendant, when the defendant was taken before a court commissioner following arrest, and whether the defendant was physically mistreated, physically intimidated or psychologically pressured.

N.  Prosecutor erred in entering and reading Latesha Whitehead statement. Maryland Rule 5-801(c) defines hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The admission of hearsay is barred by Maryland Rule 5-802, unless it is admissible under another provision of the rules or "by applicable constitutional provisions or statues.

On January 28th 2015, The Petitioner Major Richardson and his accomplish/witness was pulled over for allegedly seat belt violations Latesha Whitehead. In Latesha Whitehead vehicle. The Petitioner was pulled out the vehicle searched by the officer hands and was made to move some of his clothes, where no contraband was found. As to the search of Whitehead's vehicle by officers and K-9 dog, no contraband was found. Against Petitioners will the officers detained him and the state's witness took them to the state police barracks where they were both stripped searched, and

9.

again Richardson was found with no Contraband. The State Witness, accomplish was found with contraband secreted within her vagina. She was coached, threaten and coerced to write a statement that the petitioner gave her the contraband, (as stated by Exhibit D#1 10/15/15) written and signed by State Witness. Several hours at the state police station the petitioner, and the accomplish Whitehead was released after being interrogated.

" The Petitioners statement of facts above and allegations of " error below, by counsel, the state and courts.

1. Counsel failure to interview state witness, and impeachment evidence
2. Failure to have allegely inculpatory physical evidence examine
3. Right to confrontation, sixth amendment, cross examine witness
4. Failure to suppress hearsay statement, evidence perjured statement
5. Failure to seek continuance because witness statement day of trial.
6. Permitting the court to accept a guilty plea not supported by a factual basis that the state would not be able to prove, Also Jury instructions.
7. Insufficient evidence by the state, for conviction
8. Failure to argue inconsistent statements
9. Failure to argue illegal search and seizure
10. Failure to request or object to an illegal sentence
11. Failure to motion for a new trial based on newly discovered evidence
12. Prosecutial misconduct by prosecutor by not suppressing perjured statement.
13. Prosecutor misconduct by reading hearsay statement into evidence
14. Failure to not provide warrant for search and seizure
15. Failure for proof beyond a reasonable doubt

Counsel's performance is deficient if it falls below an objective standard which is determined in terms of professional norms. Actual or constructive denial of assistance of counsel altogether is presumed to result in prejudice. Strickland v Washington, 104 S. Ct. 2052

10.

In Williams v State, 326 Md. 367, the court indicated "The prejudicial effect of counsels deficient performance need not meet a preponderance of the evidence standard". Therefore, a defendant need only show that, based on counsel's errors, there is a substantial or significant possibility that the verdict of the trier of fact would have been different.

William, 326 Md. at 375, 605 A2d at 107. In effect, even a single serious error by counsel can provide basis for a finding of ineffective assistance of counsel.
The State to prove each element of the charge beyond a reasonable doubt, In Re Winship, 397 U.S. 358

Please note that all points made above can and will be proven in the record and the transcript at the evidentiary hearing where petitioner is entitled to and will call witness, produce evidence and testify himself.

## Statement of Non-Waiver

The error(s) alleged in this case are not waived because they were the result of ineffective assistance of counsel in violation of petitioners Sixth Amendment Right to Counsel. Strickland v. Washington 466 U.S. 668, 686 (1984) (The sixth Amendment to the U.S. Constitution guarantees the right to effective assistance of counsel at a criminal trial.) Post Conviction proceedings are the prefered vehicle for litigating ineffective assistance of counsel claims. See Mosley v State, 378 Md. 548 (2003) ("We have explained on numerous occasions that a post conviction proceeding pursuant to the Maryland Uniform Post Conviction procedure act, Maryland Code § 7-102 of the Criminal Procedure article (2001) is the most appropriate way to raise the claim of ineffective assistance of counsel. The act allows the convicted person to attack the judgment collaterally by challenging the legality of the conviction and incarceration in a separate evidentiary proceeding. A post-conviction proceeding, often called a "collateral

II.

proceeding," brought under the act is not an appeal of the judgment. Rather, it is a collateral attack designed to address alleged constitutional, jurisdictional, or other fundamental violations that occurred at trial." Id. at 558-60 (internal citations omitted).

Wherefore, the Petitioner Respectfully Prays:

1. That the guilty finding be vacated.
2. That the sentence be vacated.
3. The Petitioner be informed of and granted his rights under Rule 4-342(j)(1).
4. That counsel be appointed to represent Petitioner.
5. That this honorable court grant a hearing where further evidence and arguments can be presented.
6. Grant a new trial.
7. That Petitioner be granted any other such relief as this court deems appropriate, fair, equitable and or be necessary.

Respectfully submitted
Major Lennel Richardson I.D.# 442287
Major Lennel Richardson I.D.# 442287

Certificate of Service

I hereby certify that on this 5th day of August 2016, a copy of the foregoing petition was mailed, postage prepaid, to the Office of the State's Attorney at the following address: P.O. Box 1006 Courts Building Salisbury, Maryland 21801

till 8/29/16

Major Lennel Richardson III

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE CIRCUIT COURT |
| | * | FOR WICOMICO COUNTY |
| VS | * | STATE OF MARYLAND |
| | * | |
| MAJOR RICHARDSON | * | CASE NUMBER K-15-129 |

*    *    *    *    *    *    *    *    *

### ORDER OF COURT

The Defendant's Petition for Post-Conviction Relief, having been read and considered along with the State's response, it is this ____ day of August, 2016, by the Circuit Court for Wicomico County, Maryland, hereby;

**ORDERED**, that the Defendant's Petition is DENIED and is deficient on its face.

_____
JUDGE

FILED

2016 AUG 22  PM 12: 23

CLERK. WICOMICO CO

c/s
State
Def PCDD
8-23-16
C.T.

SR 35



# MANDATE
## Court of Special Appeals

Maryland Relay Service
1-800-735-2258
TT/VOICE

No. 01901, September Term, 2015

Major Lenell Richardson
vs.
State of Maryland
--------------------------------------------------

**JUDGMENT:**  August 4, 2016:  Judgment of the Circuit Court
for Wicomico County affirmed.  Appellant to pay
costs.
Unreported opinion by Woodward, J.

September 06, 2016   Mandate issued.

From the Circuit Court:  for **WICOMICO COUNTY**
022K15000129

**STATEMENT OF COSTS:**

**Appellant(s):**
Steno Costs of Appellant- .................. 153.75

*STATE OF MARYLAND, Sct:*

*I do hereby certify that the foregoing is truly taken from the records and proceedings of the said Court of Special Appeals.  In testimony wherefore, I have hereunto set my hand as Clerk and affixed the seal of the Court of Special Appeals, this* **sixth** *day of* **September** **2016**

*Greg Hilton*
*Clerk of the Court of Special Appeals*

**COSTS SHOWN ON THIS MANDATE ARE TO BE SETTLED BETWEEN COUNSEL AND <u>NOT THROUGH THIS OFFICE.</u>**

Major L. Richardson                    IN THE CIRCUIT COURT
Petitioner                             FOR WICOMICO COUNTY, MARYLAND
       VS.                             CASE NO: 22-K-15-500129
STATE OF MARYLAND
       Respondent

                                                    2016 SEP 28 PM 12:

              PETITION FOR POST-CONVICTION RELIEF
Now comes the Petitioner, Major L. Richardson, #442287,
pro se, and submits this Petition for Post Conviction Relief under
the Uniform Post Conviction Procedure Act, Md. Crim. Proc. Code Ann.
§ 7-101 et seq. and Md. Rules 4-401 through 4-408. Petitioner States
as follows:

1. I am indigent and unable to pay the cost of these proceed-
   ings or employ private counsel.

2. Major L. Richardson I.D. #442287 presently incarcerated at
   Jessup Correctional Institution, P.O. Box 534 Jessup,
   Maryland 20794

3. This is the first Petition for Post Conviction Relief filed in this case.

4. A trial by Judge was held on October 15, 2015 before the
   Honorable D. William Simpson, for possession with intent to
   distribute cocaine. The Petitioner was imposed a sentence of
   25 years Mandatory Minimum.

5. A Motion for Drug court was filed September 27, 2015
   and denied October 13, 2015, A Motion for House Bill 121
   was filed October 12, 2015 and denied November 10, 2015.
   The Petitioner also filed for Motion for New trial October
   20, 2015 and denied, by Judge D. William Simpson. Petitioner
   also filed for a Review of Sentence October 23, 2015 And

                                                          56

2.)

denied December 15, 2015 by Judge Thomas C Groton II, Judge Richard R. Bloxom and Judge Brian D. Shockley.

6. My lawyer did not properly Represent me during trial and after trial as far as putting in appeals and Motions. Post trial pleadings. My lawyer Made me take a plea that basically made me a part of the crime that took place. My lawyer should of postponed my trial once he received a letter from the states witness saying she was coerced and

7. threaten to write a statement against me. My lawyer should of argued the fact I did not have any drugs in my possession, also cross examine the state's witness. Right to Confrontation.

8.          STATEMENT OF NON-WAIVER
The errors alleged in this case are not waived because they were the result of ineffective assistance of counsel in violatation of Petitioner's Sixth Amendment right to counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984)(The sixth Amendment to the U.S. Constitution guarantees the right to effective assistance of counsel at a criminal trial). Post conviction proceedings are the preferred vehicle for litigating ineffective assistance of counsel claims. See Mosley v. State, 378, Md. 548 (2003)("We have explained on numerous occasions that a post-conviction proceeding pursuant to the Maryland Uniform Post Conviction Procedure Act, Maryland code, § 7-102 of the Criminal Procedure Article (2001) is the most appropriate way to raise the claim of ineffective assistance of counsel. The act allows the

3.)

convicted person to attack the judgment collaterally by challenging the legality of the conviction and incarceration in a seperate evidentiary proceeding. A post conviction proceeding, often called a "collateral proceeding", brought under the act is not an appeal of the judgment; rather, it's a collateral attack designed to address alleged constitutional, jurisdictional, or other fundamental violations that occurred at trial". Id. at 558-60 (internal citations omitted).

Wherefore, the Petitioner respectfully prays:

1. That this Honorable Court grant a hearing where further evidence and argument can be presented.

2. Grant a new trial.

3. Any other such relief as this court deems appropriate.

Petition is denied as it is deficiet in that it does not comply with the Statute and Rule(s).

J. Mus Adm
10-30-16

Judge S. James Sarbanes
Judge S. James

Respectfully submitted,
Major L. Richardson #442287
Petitioner, Pro Se
Major Richardson 442287
P.O. Box 534
Jessup, Maryland 20794

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2016 a copy of the foregoing Petition was mailed, postage prepaid, to the office of the States Attorney at the following Address: States Attorney for Wicomico County, Courts Building, P.O. Box 1006 Salisbury, Maryland 21801

CS 10/21/16 bb
- SAO
- def

Major Richardson
Petitioner

E-FILED
Wicomico Circuit Court
10/3/2017 12:01:44 PM

THE CIRCUIT COURT FOR WICOMICO COUNTY, MARYLAND

STATE OF MARYLAND          )
                           )
    v.                     )          CR. NO.:     22-K-15-000129
                           )
Major Richardson,          )
    Defendant              )

<u>MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE AND
REQUEST FOR HEARING PURSUANT TO MD. CRIM. LAW ART. §5-609.1</u>

Now comes Defendant, Major Richardson, in this Motion for Modification or
Reduction of Sentence filed pursuant to Criminal Law Article §5-609.1, by his attorney,
Patricia Harvey and the Office of the Public Defender and states:

1. In 2016, the Legislature passed and Governor Hogan signed the Justice
Reinvestment Act (JRA). Seeking to reduce costly and unnecessarily lengthy incarceration
resulting from mandatory minimum sentences for drug-related crimes, the Act effectively
eliminated mandatory penalties for drug crimes and permitted inmates serving such a
sentence to file a motion for modification of sentence. Specifically, the Act amended
Criminal Law Article (CL) § 5-609.1(a) to state that "a person who is serving a term of
confinement that includes a mandatory minimum sentence imposed on or before
September 30, 2017, for a violation of [CL] §§ 5–602 through 5–606 of this subtitle may
apply to the court to modify or reduce the mandatory minimum sentence as provided in
Maryland Rule 4–345." 2016 Laws of Md., ch. 515 § 2 (effective Oct. 1, 2017). A person
may file such a motion "regardless of whether [he or she] filed a timely motion for
reconsideration or a motion for reconsideration was denied by the court." CL 5-609.1(a)

(2017). An application for a hearing must be filed before September 30, 2018, and thereafter for good cause shown. See CL 5-609.1(c).

2.  As amended, §5-609.1 provides:

> The court may modify the sentence and depart from the mandatory minimum sentence unless the state shows that, giving due regard to the nature of the crime, the history and character of the defendant, and the defendant's chances of successful rehabilitation:
>
> (1) retention of the mandatory minimum sentence would not result in substantial injustice to the defendant; and
>
> (2) the mandatory minimum sentence is necessary for the protection of the public.

CL 5-609.1(b).

3.  The defendant is presently "serving a term of confinement that includes a mandatory minimum sentence imposed on or before September 30, 2017, for a violation of one or more provisions of CL §§ 5-602 through 5-606. CL 5-609.1a.

4.  On September 16, 2015, the Defendant, represented by David Moore, pled not guilty but proceeded on an agreed statement of facts as to count 1, cds: possession with intent to distribute narcotics. The State filed notice of intention to seek punishment for subsequent offender. The Court found the Defendant guilty under count 1. On October 15, 2015, the Court found the Defendant to be a subsequent offender and sentenced him to the Commissioner of Corrections for 25 years under count 1 (**twenty five years mandatory minimum**), with 111 days credit.

5.  Mr. Richardson is 45 years old and has 7 children, Saquan, Deshaun, Major, Aaron, Taronte, Maysa (deceased), and Maya (deceased). He received his GED in 2012, and his prior employment includes working for Custom Tile & Marble, Aerial Crane, Bruce Custom Tile, Shawnee Homes, and Mike Banks Tile. He plans to finish his business

2

education courses because he dreams of helping others with the start-up process of creating businesses, and when he is released, he plans to pursue employment remodeling houses and installing ceramic tile.

6.   While incarcerated, the Defendant is currently working as an escort for the blind; he has worked in laundry, in sanitation, as a "shower man," at UNICOR, at Maryland Correctional Enterprises, in SUI, and maintenance. According to the Defendant, he has completed classes and received certificates for Addictions Treatment Protocol, Cognitive Behavioral, Alternative to Violence, Recidivism, and Conflict Resolution. He has also enrolled in business management and hotel restaurant college courses. He also states that he volunteers waling the elderly to doctor appointments.

7.   Mr. Richardson has struggled with drugs and alcohol since he was 13 years old, when he started using marijuana. At 14, he began using alcohol and cocaine. At 15, he began using heroin, and at 20, he began using oxycodone and occasionally PCP. He states that he began using because of stress and that stress, money problems, and health problems triggered his last relapse. He received treatment for addiction in 2014 through the Wicomico County Health Department. According to the Defendant, he currently suffers from depression, biopolar disorder, and attention deficit disorder. He takes Celexa, an anti-depressant, Prozac, an anti-depressant, and Baclofen, a muscle relaxer. He also states that he is receiving treatment for a torn acromiocavilar joint and broken bones in his shoulder, foot, and leg. His family is still involved in his life, and he plans to live with his parents, Major and Judy Richardson, when he is released from prison. He stated "I have 5 boys. . .I want to be a better father, son, and individual. . . I am asking for a chance to get out of here, so I get my life back together and help my children and other children to not make the [same] mistakes."

3

8.  Under these circumstances, the mandatory minimum sentence is not necessary for the protection of the public. A reduction of the sentence in this case would facilitate the defendant's successful rehabilitation and re-entry into society and would serve the interests of justice and economy that the JRA seeks to promote.

**WHEREFORE**, the Defendant requests that this Honorable Court:

    a)    Schedule a hearing on this matter, where the Defendant can present any relevant additional information, such as new accomplishments or completion of programs;

    b)    Modify and reduce [his/her] sentence; and

    c)    Grant any other relief this Court deems necessary or appropriate.

Respectfully submitted,

/S/ Patricia Harvey #8406010161

Patricia B. Harvey
Assistant Public Defender
Office of the Public Defender
201 Baptist St., Suite 26
Salisbury, MD 21801-4977
Telephone:  (410) 713-3400

REQUEST FOR A HEARING

The Defendant, through counsel, respectfully requests a hearing on this Motion.  A hearing on such motions was clearly intended by the legislature, see CL §5-609.1(c) (referring to a request for relief as "an application for a hearing", Emphasis Added), and is necessary to permit the parties to present and the Court to consider any evidence relating to the eligibility of the Defendant for such relief, see CL §5-609.1(b), and/or the desirability of a modification.

4

/S/ Patricia Harvey #8406010161

Patricia B. Harvey


POINTS AND AUTHORITIES

Rule 4-345

5§609.1(b) Departure from mandatory minimum sentencing, MD Criminal Law


CERTIFICATES OF SERVICE AND COMPLIANCE WITH MD. RULE 20-201


**I HEREBY CERTIFY** that a copy of the foregoing Motion was electronically e-filed through MDEC and served on the State's Attorney for Wicomico County, at wcsaocc@wicomicocounty.org, on this 3rd day of October, 2017.

I FURTHER CERTIFY that neither this pleading nor any submission attached thereto contains restricted information as described in Maryland Rule 1-322.1(b), or if it does, the reason and legal basis is stated herein and a redacted and un-redacted copy is attached, as proscribed by Maryland Rule 20-201(f)(2).

/S/ Patricia Harvey #8406010161
Patricia B. Harvey

5

E-FILED
Wicomico Circuit Court
10/4/2017 10:40:03 AM

STATE OF MARYLAND       \*      IN THE CIRCUIT COURT

                              \*

v.                                \*      FOR WICOMICO COUNTY,

                              \*

MAJOR LENELL RICHARDSON     \*      STATE OF MARYLAND

                              \*

                              \*      CASE No.:  22-K15-0129

                              \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## STATE'S ANSWER IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO CR §5-609.1 AND REQUEST FOR HEARING

Now comes the State of Maryland by James L. Britt, Assistant State's Attorney for Wicomico County, in answer to Defendant's Motion for Modification of Sentence.  At this time, the State opposes any modification to the Defendant's sentence.  The State requests that this Honorable Court set the matter for a hearing at least 120 days from today.  The State needs time to fact-check the representation made by the Defendant in his motion that retention "of the mandatory minimum sentence is not necessary for the protection of the public."  In the event that the State and Defense reach an agreement regarding sentencing prior to the hearing date, the Court shall be notified in writing and a request to advance will be made.

WHEREFORE, in light of the above, the State respectfully opposes Defendant's Motion and moves this Honorable Court to set the matter for a hearing at least 120 days from today.

Respectfully Submitted,

/s/ JLB

_____
James L. Britt
Assistant State's Attorney for Wicomico County
P.O. Box 1006
Salisbury, Maryland  21803
410-548-4880
lbritt@wicomicocounty.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2017, an exact copy of the foregoing State's Answer was delivered to Patricia B. Harvey, Esq., Office of the Public Defender, via e-filing and/or email.

/s/ JLB

_____

James L. Britt
Assistant State's Attorney

**CERTIFICATE OF RESTRICTED INFORMATION/REDACTION**

I hereby certify that this submission does not contain any restricted information and is in compliance with Rule 20-201.

/s/ JLB

_____

James L. Britt
Assistant State's Attorney for Wicomico County

E-FILED
Wicomico Circuit Court
11/7/2017 1:56:46 PM

STATE OF MARYLAND      \*      IN THE CIRCUIT COURT

                                      \*

v.                                       \*      FOR WICOMICO COUNTY,

                                        \*

MAJOR LENELL RICHARDSON      \*      STATE OF MARYLAND

                                        \*

                                        \*      CASE No.:  22-K15-000129

                                        \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## A SUPPLEMENT TO THE STATE'S ANSWER IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO CR §5-609.1 AND REQUEST FOR HEARING

On October 3, 2017, the Defendant filed a Motion for Modification for Sentence pursuant to § 5-609.1 of the Criminal Law Article ("Motion").  The State filed an Answer opposing the Defendant's Motion on October 4, 2017.  The State of Maryland, by undersigned counsel, continues to steadfastly oppose any modification of sentence for this Defendant and hereby supplements its previous Answer with the below chronology of the criminal life of Major Lenell Richardson.

### Chronology of the Criminal Life of Major Lenell Richardson

The Defendant has accumulated numerous arrests and convictions for violent offenses and serious felonies throughout his adult life. [1]

On <u>February 14, 1990</u>, the Defendant received his first felony CDS conviction when he was convicted of felony possession of cocaine in case 90CR0640.  He was later found to have violated the terms of his probation in this case on <u>June 13, 1996</u>.

---

[1] The following information was gathered from the Defendant's Maryland criminal record, the Defendant's criminal record as contained in the NCIC database, the Maryland Judiciary Case Search system, and a Pre-Sentence Investigation contained in the case file 22-K07-0751.  All dates are based upon the best reading and/or interpretation of these various records/databases.

1

On February 15, 1990, the Defendant appeared in the District Court on charges of Assault and Malicious Destruction of Property in case 0005429H5. He was acquitted. On that same date, he also appeared on a charge of felony theft in case 0004781H0. The State entered a *nolle prosequi* as to that matter.

On September 14, 1990, the Defendant appeared in the District Court on a charge of CDS Possession and related offenses in case 0004222H1. The State entered a *nolle prosequi* as this this case.

On August 16, 1991, the Defendant received his first weapons conviction when he was convicted of Wear/Carry Deadly Weapon in case 91CR0943. It appears he received a sentence of 30 days in incarceration.

In 1992, the Defendant appeared in the Circuit Court on a charge of Resisting Arrest in case 92CR0003. The State entered a *nolle prosequi* as to this case.

On August 11, 1994, the Defendant was arrested for Assault and Battery in case 6H00000321. These charges were dismissed on March 29, 1995.

The date of February 27, 1996, was an extremely busy one for the Defendant. On that date, he appeared before the Circuit Court in cases 96CR0628, 96CR0630, 96CR0377, and 96CR0682. In each of those four cases, the Defendant was convicted of Battery. He also appeared before the Court in case 96CR0629. In that case, on that date, the Defendant picked up his first firearm conviction after he was convicted of possession of a handgun on his person.

In 1997, the Defendant appeared in the Circuit Court on the following charges: Assault, Battery, and False Imprisonment in case 97CR0293; car theft, Unauthorized Use, and theft in case 97CR0292; and Violate Exparte and Trespass in case 97CR0291. The State entered a *nolle prosequi* as to all of these cases.

2

On <u>July 11, 2002</u>, the Defendant was charged with Armed Robbery, Handgun Use in Felony/Violent Crime, and related charges case 2H00025930. These charges would later move over to the Circuit Court by way of a Criminal Information docketed as case 22-K02-1329.

On <u>September 3, 2003</u>, the Defendant appeared before the Circuit Court in case 22-K03-0613. He was convicted on his plea of guilty to a charge of Firearm Possession with a Felony Conviction. He received a 5 year sentence within the Division of Corrections. This sentence was a mandatory minimum sentence.

On <u>Sept. 11, 2003</u>, case 22-K02-1329 was dismissed by the State.

On <u>March 31, 2007</u>, apparently immediately upon his release from his 5 year mandatory sentence, the Defendant was charged with CDS Possession with Intent to Distribute and firearms offenses in case 6H00042622. These charges would later move over to the Circuit Court by way of a Criminal Information docketed as case 22-K07-0545.

On <u>August 6, 2007</u>, the Defendant was indicted for CDS Manufacture/Distribution-Narcotic and related offenses in case 22-K07-0751. These events were alleged to have occurred on <u>July 13, 2007</u>.

Not limiting his activities to Maryland, on <u>September 17, 2007</u>, the Defendant was convicted in the State of Texas on a charge of felony possession of marijuana.

On <u>January 24, 2008</u>, while the charges in case 6H00042622/22-K07-0545 were still pending, the Defendant was arrested and charged with felony assault and firearms offenses in case 5H00046016. The felony assault charge was dismissed by the Court and the State entered a *nolle prosequi* as to this case on <u>April 8, 2008</u>.

3

On May 12, 2008, the Defendant appeared before the Circuit Court in case 22-K07-0545. He was convicted on his plea of guilty to a charge of Regulated Firearm-Illegal Possession. He received a sentence of 5 years with two years suspended.

On June 9, 2008, the Defendant was convicted of CDS Manufacture/Distribution-Narcotic in case 22-K07-0751. On July 22, 2008, he was sentenced to 14 years in the Division of Corrections with half of that sentence suspended.

On April 18, 2012, the Defendant was convicted in the Federal court system of CDS Possession with the Intent to Distribute Cocaine and possession of a firearm and/or ammunition as a convicted felon.

On July 10, 2014, the Defendant was again convicted in the Federal court system of CDS and weapons offenses. This time, the Defendant was convicted of CDS Sell/Distribute and the unlawful transport of a firearm.

On February 23, 2015, the Defendant was indicted for felony CDS offenses in case 22-K15-0129. These events were alleged to have occurred on January 28, 2015.

On September 16, 2015, the Defendant appeared before the Circuit Court in case 22-K15-0129. On that date, the Defendant tendered a plea of guilty to CDS Possession with the Intent to Distribute-Narcotic. Sentencing was deferred until October 15, 2015.

On that same date, September 16, 2015, the Defendant appeared before the Circuit Court for a violation of probation hearing in case 22-K07-0751. On that date, the Defendant was found in violation of probation due to the new conviction in 22-K15-0129. Sentencing was also deferred in the VOP case until October 15, 2015.

On October 15, 2015, the Defendant appeared before the Circuit Court for sentencing on his conviction for CDS Possession with the Intent to Distribute-Narcotic. The Court found the

4

Defendant to be a subsequent offender and sentenced him to 25 years of active incarceration within the Division of Corrections. This sentence was a mandatory minimum sentence due to the Defendant's status as a subsequent offender. It is this 25 year sentence that the Defendant is currently seeking to modify.

On that same date, October 15, 2015, the Defendant appeared before the Circuit Court for sentencing of his violation of probation in case 22-K07-0751. On that date, he was sentenced to 7 years, suspended, consecutive to case 22-K15-0129. Upon release in 22-K15-0129, the Defendant will be on 3 years of supervised probation in 22-K07-0751.

### Conclusion: Retention of the Mandatory Minimum Sentence is Necessary for the Protection of the Public

The Defendant has filed for relief from his mandatory minimum sentence pursuant to § 5-609.1 of the Criminal Law Article. Section 5-609.1(b) provides that a court

> "may modify the sentence and depart from the mandatory minimum sentence unless the State shows that, giving due regard to the nature of the crime, the history and character of the defendant, and the defendant's chances of successful rehabilitation:
> (1) retention of the mandatory minimum sentence would not result in substantial injustice to the defendant; and
> (2) the mandatory minimum sentence is necessary for the protection of the public."

The story of the Defendant's life is one of repeated and serious violations of the law, especially those concerning firearms, assault, and felony drug offenses. There is zero evidence that the Defendant has any genuine chance at successful rehabilitation. Indeed, the only conclusion to be drawn from the above-chronology is that, if released, the Defendant will return immediately to the armed drug trade.

5

The mandatory minimum sentence imposed in the instant matter is not a, and would not result in, substantial injustice to the Defendant.  Rather, the sentence imposed is the just outcome of a lifetime spent distributing lethal drugs in the community and doing so while repeatedly in possession of regulated firearms.  The mandatory minimum sentence is just, warranted, and necessary in order to protect the public from the Defendant.

WHEREFORE, in light of the above, the State respectfully requests this Honorable Court deny the Defendant's Motion.

Respectfully Submitted,

/s/ JLB

_____

James L. Britt
Assistant State's Attorney for Wicomico County
P.O. Box 1006
Salisbury, Maryland 21803
410-548-4880
lbritt@wicomicocounty.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2017, an exact copy of the foregoing State's Answer was delivered to Patricia B. Harvey, Esq., via e-filing and/or email.

/s/ JLB

_____

James L. Britt
Assistant State's Attorney for Wicomico County

## CERTIFICATE OF RESTRICTED INFORMATION/REDACTION

I hereby certify that this submission does not contain any restricted information and is in compliance with Rule 20-201.

/s/ JLB

_____

James L. Britt
Assistant State's Attorney for Wicomico County

6

**E-FILED**
**Wicomico Circuit Court**
**11/7/2017 1:56:46 PM**

| STATE OF MARYLAND | * | IN THE CIRCUIT COURT |
|---|---|---|
| | * | |
| v. | * | FOR WICOMICO COUNTY, |
| | * | |
| MAJOR LENELL RICHARDSON | * | STATE OF MARYLAND |
| | * | |
| | * | CASE No.:  22-K15-000129 |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>ORDER</u>

**UPON CONSIDERATION** of the Defendant's Motion for Modification of Sentence, as

well as the State's Answer and the State's Supplemental Answer thereto, it is therefore

**ORDERED** by the Circuit Court for Wicomico County that the Motion is

**DENIED**.


12/09/2017 02:05:08 PM

_S. James Sarbanes_
S. James Sarbanes

Judge
Circuit Court for Wicomico County
State of Maryland

SR 53

CASE NUMBER 22-K-15-0129

DEAR Judge S. JAMES SARBANES,                    DECEMBER 26, 2017
                                My NAME IS MAJOR L. Richardson
your HONOR I CAME IN FRONT OF YOU DECEMBER 8, 2017 FOR an
Modification FROM the "Justice REINVESTMENT Act" and denied. Your Hono
I am asking could you please TAKE a MOMENT OUT OF your TIME to
READ this LETTER And RECONSIDER my MOTION FOR a Modification due
to the Justice REINVESTMENT Act." THANK you FOR SEEING ME DECEMBER
8, 2017 to hEAR what I hAd to say, Judge SARbANES I UNDERSTAND
My pAST gUN chARGES hINdERED ME FROM a Modification FROM you, however
your HONOR I done my TIME FOR THEM chARGES, so please dont SANction me
LIFE FOR IT. And NONE OF THEM gUNS WAS IN A COMMISSION OF A CRIME,
NOR hURT ANyONE OR with dRUGs, ONE WAS IN a vEhicle with ME, And
the other ONES WAS NEAR pROXIMITY to ME. Your HONOR MOST OF My lIFE I
hAd a dRUG addiction. DRUg And alcohol dependency hAS bEEN a MAJOR
contributing FACTOR OF My INVOlVEMENT with THE CRIMINAl JUSTICE SYSTEM
SINCE a TEENAGER I hAVE bEEN IN & OUT OF the JUdicial SYSTEM FOR
USING And SElling dRUGS.
        Your HONOR I hUMbly ask FOR your MERCy to RECONSIdER my MOTION
FOR ModificATION FOR THESE REASONS. Judge SARbANES, I successfully
completed OVER a dozEN pROGRAMS IN THE pENAl SYSTEM as well as
NA & AA; Which IS THE STEppING STONE to THE pATh OF TREATMENT, And STA-
bility. THERE IS NO FORM OF SubSTANTIAl TREATMENT aVAilablE to ME
within THE CRIMINAl JUSTICE SYSTEM. Although THERE ARE OFFERED pROGRAMS
within THE SYSTEM, Which I hAd TAKEN, And THESE ARE quite gOOD FOR
THOSE INCARCERATED, THEy do NOT hOWEVER OFFER REAl lifE EXPERIENCE
NOR aSSIST IN THE RECOVERy pROCESS. THIS IS NEEdEd FOR ME to bE
SUCCESSFUl IN RECOVERy FROM My addictive bEhAVIOR. THE lACK OF REAl
lifE EXPERIENCE SUCh aS gETTING And KEEpING, lifE SKills, FAMily RElATION
hEAling And TRANSITION bACK INTO THE COMMUNITY IS THE REAl ISSUE FOR ME.

a.)

Although some of these skills maybe taught in classes within the Division of Corrections, they do not effectively give real life experience one need to be successful in recovery. I never been committed or admitted to any substantial drug or alcohol rehabilitation program. I feel at this point in my life a very substantial drug and alcohol rehabilitation program will be a major contributor for my life and success as a citizen in society. This is why I humbly ask you, Judge Sarbanes for some assistance. The plain language of House Bill 121 and the Justice Reinvestment Act, authorizes the court to commit a defendant to the Alcohol and Drug administration for treatment after finding that the petitioner has an alcohol and drug dependency. A defendant is not ineligible for treatment due to the nature of his offense. Specifically, a defendant convicted of a crime maybe a result of drug and alcohol dependence. Accordingly the fact that I was convicted of a handgun years ago and is a convicted felon; does not prevent me from being committed pursuant to the plain language of the relevant statues and additional principles of statutory construction the trial court had discretion to sentence a defendant to treatment in lieu of incarceration despite being subject to mandatory minimum sentencing. Collins v. State, 89 Md. App. 273, 291, 293. Moreover, in Thompson, the court held that pursuant to plain language of the relevant statues and the legislative history of the service of the balance of the sentence.

d. At 322 Md. I am in urgent need of treatment due to my history of drug and alcohol dependency no less restrictive form of treatment is available here. I have served 3 years of confinement already and fulfilled any punitive requirements by the court. Due to the lack of any meaningful drug and alcohol dependency treatment programs within the Division of Corrections and Patuxent Institution,

3.)

I am unable to receive the specific care and treatment necessary to address and cure my dependency. Judge Sarbanes will you please take into consideration, that when I got arrested I was found with no drugs in my possession, they were in an individua vagina that I was riding with, that wrote two statement saying the police coach and threatened her into writting a statement saying I gave her drugs. Your honor they were not my drugs. I know my records speak volumes, but I wasn't that person anymore, I was going to Wor Wic Tech and working. When I came home and seen how much my parents needed me because their age and illnesses I stuck with them, as well as being there for my children. Your honor this is the truth, my Federal parole officer Eddie Zahler can verify most of this. As well as the lady I was riding with the day the officers pulled us over and found drugs inside of her.

Judge Sarbanes I take responsibility for all my actions I ever done. Your honor I have seven children that needs me, aging from 15 to 27 years old, my parents are 81 & 71 years old. I do not want to be in prison if my parents pass away and at this point they both are sickly. Two of my children died while I been in prison. Your honor the years in prison I done save me, but not my two daughters, it open my eyes to be a better man, son, father and citizen in life period. I did not have drugs on me, my transcripts and the police report states that. I have a drug problem. Your honor, I am asking & pleading with you to modify my sentence so I can go to a drug program and go home and help my children and parents. Please give me the opportunity to show you I am not that person that was painted in that courtroom. Please give me this opportunity to come home and get myself together and help my parents. Please

4)

Modify my sentence Judge Sarbanes and other such relief you deem appropriate. Your Honor I will show responsibility, I swear to you. I am 45 years old, 25 years mandatory I will die in here, please let me go to a Rehabilitation center, and modify my sentence. Thank you for your time and consideration in reading my letter.

Sincerely
Major Richardson #442287 SID 1212853
18701 Roxbury Road
Hagerstown, Maryland 21746

Your Honor this letter was returned to me January 8, 2018 because there was no case number in here. But it's basically just a letter to you. Thank you. Your Honor could you please let me know you received this letter.

FILED
2018 JAN 12 PH 4:20
CLERK. WICOMICO CO

CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2017 a copy of the foregoing letter was mailed posted paid to Judge S. James Sarbanes, 101 North Division Street, P.O. Box 198 Salisbury, Maryland 21801, Circuit Court of Maryland for Wicomico County.

Circuit Court for WICOMICO COUNTY     Case No. 22-K-15-0129

City or County

MAJOR RichARdSON III       STATE OF MARyLANd, WICOMICO County

Name              VS.     Name

18701 Roxbury Road        101 NoRth DiviSioN STReet P.O.Box 198

Street Address       Apt. #     Street Address       Apt. #

HAgeRSTOWN Md 21746 ( )      SAlisbuRy Md 21801 ( )

City   State   Zip Code   Area   Telephone     City   State   Zip Code   Area   Telephone

            Code                      Code

      Plaintiff                    Defendant

## CERTIFICATE OF SERVICE

### (DOM REL 58)

I HEREBY CERTIFY that on this _8_ day of _JANUARY_ , _2018_, a copy of the document(s) entitled _LETTEL to Judge S. JAMES SARbANES_

Title of Document(s)

was/were mailed, postage prepaid to:

Judge S. JAMES SARbANES

Opposing Party or His/Her Attorney

101 NoRth DiviSioN STReet

Address

SAlisbuRy MARyLANd     21801

City          State         Zip

1/8/2018       _Major Richardson_

Date              Signature

FILED 2018 JAN 12 PM 4:20 CLERK WICOMICO CO

## DENIED

02/08/2018 08:00:12 AM

_S. James Sarbanes_

S. James Sarbanes

Page 1 of 1

DR 58 - Revised 13 February 2001

E-FILED
Wicomico Circuit Court
1/17/2018 1:59:20 PM

THE CIRCUIT COURT FOR WICOMICO COUNTY, MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | |
| v. | ) | CR. NO.:    22-K-15-000129 |
| | ) | |
| Major Richardson, | ) | |
| Defendant | ) | |

MOTION TO RECONSIDER
MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE AND
REQUEST FOR HEARING PURSUANT TO MD. CRIM. LAW ART. §5-609.1

Comes now the Defendant, by and through counsel, Patricia B. Harvey, and the Office of the Public Defender, and respectfully requests this Honorable Court reconsider it's denial of the Defendant's Motion for Modification or Reduction of Sentence Pursuant to MD. CRIM. LAW Art. §5-609.1 and as reasons states as follows:

1.    The Defendant appeared before the Honorable S. James Sarbanes, on December 8, 2017 at a hearing on the Motion for Modification.  The Court denied his motion.

2.    At that time, the State argued that the Defendant had numerous arrests and convictions for violent offenses and serious felonies throughout his life.  The State's written Supplement included charges in which he was acquitted and seven cases that were dismissed or the State had entered a nolle prosequi in an attempt to bolster the convictions listed.  The State argued that the mandatory sentence, 25 years, was not a substantial injustice to the Defendant and that it was necessary in order to protect the public because, of the Defendant's distribution of drugs over the years and his possession of regulated firearms.

3.      On September 16, 2015, the Defendant, represented by David Moore, pled not guilty but proceeded on an agreed statement of facts as to count 1, cds: possession with intent to distribute narcotics. The State filed notice of intention to seek punishment for subsequent offender. The Court found the Defendant guilty under count 1. On October 15, 2015, the Court found the Defendant to be a subsequent offender and sentenced him to the Commissioner of Corrections for 25 years under count 1 (twenty five years mandatory minimum), with 111 days credit.

        As cited in the Defendant's MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE, ART. §5-609.1 –

**4.**      Mr. Richardson is 45 years old and has 7 children, Saquan, Deshaun, Major, Aaron, Taronte, Maysa (deceased), and Maya (deceased). He received his GED in 2012, and his prior employment includes working for Custom Tile & Marble, Aerial Crane, Bruce Custom Tile, Shawnee Homes, and Mike Banks Tile. He plans to finish his business education courses because he dreams of helping others with the start-up process of creating businesses, and when he is released, he plans to pursue employment remodeling houses and installing ceramic tile.

5.      While incarcerated, the Defendant is currently working as an escort for the blind; he has worked in laundry, in sanitation, as a "shower man," at UNICOR, at Maryland Correctional Enterprises, in SUI, and maintenance. According to the Defendant, he has completed classes and received certificates for Addictions Treatment Protocol, Cognitive Behavioral, Alternative to Violence, Recidivism, and Conflict Resolution. He has also enrolled in business management and hotel restaurant college courses. He also states that he volunteers waling the elderly to doctor appointments.

6.      Mr. Richardson has struggled with drugs and alcohol since he was 13 years old, when he started using marijuana. At 14, he began using alcohol and cocaine. At 15,

2

he began using heroin, and at 20, he began using oxycodone and occasionally PCP. He states that he began using because of stress and that stress, money problems, and health problems triggered his last relapse. He received treatment for addiction in 2014 through the Wicomico County Health Department. According to the Defendant, he currently suffers from depression, biopolar disorder, and attention deficit disorder. He takes Celexa, an anti-depressant, Prozac, an anti-depressant, and Baclofen, a muscle relaxer. He also states that he is receiving treatment for a torn acromiocavilar joint and broken bones in his shoulder, foot, and leg. His family is still involved in his life, and he plans to live with his parents, Major and Judy Richardson, when he is released from prison. He stated "I have 5 boys. . .I want to be a better father, son, and individual. . . I am asking for a chance to get out of here, so I get my life back together and help my children and other children to not make the [same] mistakes."

7.     The Defendant previously filed an Institutional Progress Report, which indicated job assignments at DOC and most importantly indicated that he had no disciplinary violations.   This indicates a reduction of the sentence in this case would facilitate the defendant's successful rehabilitation and re-entry into society and would serve the interests of justice and economy that the JRA seeks to promote. Under these circumstances, the mandatory minimum sentence is not necessary for the protection of the public.

**WHEREFORE**, the Defendant requests that this Honorable Court:

a)     Reconsider the Court's denial of the Defendant's Motion and strike the mandatory portion of his sentence, or

b)     in the alternative reduce the number of mandatory years, or

3

c)    hold this motion in abeyance until he completes additional time on his

sentence;

d)    Grant any other relief this Court deems necessary or appropriate.

Respectfully submitted,

/S/ Patricia Harvey #8406010161

Patricia B. Harvey
Assistant Public Defender
Office of the Public Defender
201 Baptist St., Suite 26
Salisbury, MD 21801-4977
Telephone:  (410) 713-3400

## POINTS AND AUTHORITIES

Rule 4-345

5§609.1(b) Departure from mandatory minimum sentencing, MD Criminal Law

## CERTIFICATES OF SERVICE AND COMPLIANCE WITH MD. RULE 20-201

**I HEREBY CERTIFY** that a copy of the foregoing Motion was electronically e-filed through MDEC and served on the State's Attorney for Wicomico County, at wcsaocc@wicomicocounty.org, on this 17th day of January 2018.

I FURTHER CERTIFY that neither this pleading nor any submission attached thereto contains restricted information as described in Maryland Rule 1-322.1(b), or if it does, the reason and legal basis is stated herein and a redacted and un-redacted copy is attached, as proscribed by Maryland Rule 20-201(f)(2).

/S/ Patricia Harvey #8406010161
Patricia B. Harvey

4

E-FILED
Wicomico Circuit Court
1/17/2018 4:29:15 PM

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE CIRCUIT COURT |
| | * | |
| v. | * | FOR WICOMICO COUNTY, |
| | * | |
| MAJOR RICHARDSON | * | STATE OF MARYLAND |
| | * | |
| | * | CASE No.:  22-K15-0129 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### STATE'S ANSWER IN OPPOSITION TO DEFENDANT'S
### MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE

Now comes the State of Maryland by James L. Britt, Assistant State's Attorney for Wicomico County, and, in answer to Defendant's Motion for Modification of Sentence hereby objects.  Undersigned counsel would argue:

1. That the sentence imposed was fair and just under the circumstances; and

2. That the Defendant, with the benefit of counsel, had the opportunity to provide any and all mitigation to the trial court at time of sentencing; and

3. That the Defendant has not presented any new or compelling reason why the sentence imposed in this case should be modified in any manner.

WHEREFORE, in light of the above, the State respectfully opposes Defendant's Motion and moves this Honorable Court to deny the relief requested by the Defendant without the necessity of a hearing.

Respectfully Submitted,

/s/ JLB

_____
James L. Britt
Assistant State's Attorney for Wicomico County
P.O. Box 1006
Salisbury, Maryland  21803
410-548-4880
lbritt@wicomicocounty.org

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 17th day of January, 2018, an exact copy of the foregoing State's Answer was delivered to the Office of the Public Defender via e-filing.

/s/ JLB
_____

James L. Britt
Assistant State's Attorney

**<u>CERTIFICATE OF RESTRICTED INFORMATION/REDACTION</u>**

I hereby certify that this submission does not contain any restricted information and is in compliance with Rule 20-201.

/s/ JLB
_____

James L. Britt
Assistant State's Attorney for Wicomico County

**E-FILED**
**Wicomico Circuit Court**
**1/17/2018 4:29:15 PM**

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE CIRCUIT COURT |
| | * | |
| v. | * | FOR WICOMICO COUNTY, |
| | * | |
| MAJOR RICHARDSON | * | STATE OF MARYLAND |
| | * | |
| | * | CASE No.: 22-K15-0129 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ORDER</u>

**UPON CONSIDERATION** of the Defendant's Motion for Modification or Reduction of

Sentence, as well as the State's Answer thereto, it is this therefore **ORDERED** by the Circuit

Court for Wicomico County that the Defendant's Motion be and hereby is **DENIED.**

01/18/2018 11:15:38 AM

*S. James Sarbanes*

Judge     S. James Sarbanes
Circuit Court for Wicomico County
State of Maryland

E-FILED
Wicomico Circuit Court
Docket Date: 11/7/2018 3:56 PM
Submission Date: 11/7/2018 3:56 PM

| | |
|---|---|
| **MAJOR LENNEL RICHARDSON** | **IN THE** |
| **Petitioner** | **CIRCUIT COURT** |
| **v.** | **FOR WICOMICO COUNTY** |
| **STATE OF MARYLAND** | **CASE NO. 22-K-15-000129** |
| **Respondent** | |

## PETITION FOR POST CONVICTION RELIEF

Petitioner, Major Lennel Richardson, by his attorney, Melissa McDonnell, Assistant Public Defender, Post Conviction Defenders Division, submits this Petition for Post Conviction Relief, pursuant to Md. Crim. Proc. Code Ann. §7-101, et seq. and Md. Rules 4-401, et seq.

## FACTS AND PROCEDURAL HISTORY

The charges in the present case arose out of a traffic stop on January 28, 2015, in Salisbury. The petitioner was the passenger in the vehicle. The drugs in question were recovered from the vagina of the woman who was driving her vehicle, Letitia Whitehead. Ms. Whitehead gave a statement to the police in which she indicated that the drugs belonged to the petitioner and that she inserted the drugs into her vagina at the petitioner's behest. The petitioner was charged with possession of cocaine with the intent to distribute and possession of heroin with the intent to distribute.

On September 16, 2015, the petitioner waived his right to a jury trial and pleaded not guilty pursuant to an agreed statement of facts to Count 1 of the indictment, possession of cocaine with the intent to distribute. In exchange for this plea, the State

**SET FOR HEARING**
11/15/2018 04:05:00 PM
_RLB_

filed a subsequent offender notice requesting a mandatory sentence of 25 years' incarceration without the possibility of parole, dismissed the balance of the charges, and agreed to recommend 7 years' incarceration, consecutive, all suspended, for a violation of probation in another case.  The Court, the Honorable D. William Simpson presiding, convicted the petitioner of possession of cocaine with the intent to distribute.

On October 15, 2015, the Court sentenced the petitioner to 25 years' incarceration without the possibility of parole.  The petitioner noted a timely appeal to the Court of Special Appeals.  The Court, in an unreported opinion, No. 1901, Sept. Term 2015, affirmed the petitioner's conviction.

The petitioner, *pro se*, filed a timely Application for Review of Sentence.  The three-judge panel left the sentence unchanged.

The petitioner litigated a motion for modification of sentence pursuant to the Justice Reinvestment Act before the Honorable S. James Sarbanes, which was denied.

Petitioner, inmate number 442-287, is committed to the Maryland Division of Correction and housed at the Roxbury Correctional Institution in Hagerstown.  Petitioner is indigent due to his incarceration and cannot pay the cost of these proceedings.  This is his first petition for post conviction relief.

## STANDARD OF REVIEW

### 1.    Ineffective Assistance of Counsel Standard, Generally

The standard to determine ineffective assistance of counsel has been set forth in the Supreme Court case, *Strickland v. Washington*, 466 U.S. 668 (1984).  To obtain post conviction relief, the post conviction petitioner must establish that: (1) counsel's

2

representation "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case. *State v. Jones*, 138 Md. App. 178, 208 (2001). Nor must the prejudicial effect satisfy a preponderance of the evidence standard. *Id.* (internal citations omitted). "The focus is not merely on the effect of error on the 'outcome.' Rather, a 'proper analysis of prejudice' includes consideration of 'whether the result . . . was fundamentally unfair or unreliable.'" *Id*. (citing *State v. Purvey,* 129 Md. App. 1, 10 (1999)).

## **ALLEGATIONS OF ERROR**

### **I.  INEFFECTIVE ASSISTANCE OF COUNSEL—INCOMPLETE ADVICE ABOUT PLEA OFFER**

One of the vital functions of defense counsel is to assist a criminal defendant in making an informed decision to accept or reject a plea offer by evaluating the strengths and weaknesses of the defendant's case and the likely outcome. *See Williams v. State*, 326 Md. 367, 378, 605 A.2d 103, 109 (1992) (citing *State v. James*, 739 P.2d 1161, 1167 (Wash. App. 1987)). To assist the defendant in making an informed decision, trial counsel must provide accurate, complete advice, to enable the client to make an informed choice as to whether to accept or reject a plea offer. *See id.* (citing *Tucker v. Holland*, 327 S.E.2d 388, 394 (W.Va. 1985)). A trial attorney performs deficiently when he or

she, "while disclosing the plea offer, provides the defendant with incomplete or misleading information with regard to the offer." *Id.* (holding that trial counsel performed deficiently when he failed to advise the defendant that, if he convicted, he could receive a mandatory 25 year sentence).

In the present case, trial counsel was ineffective in conveying the plea offer to the petitioner. Trial counsel did not give the petitioner complete advice about the weight and admissibility of the State's evidence had the case gone to trial.

## STATEMENT OF NON-WAIVER

The error(s) alleged in this case are not waived because they were the result of ineffective assistance of counsel in violation of Petitioner's Sixth Amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (The Sixth Amendment to the U.S. Constitution guarantees the right to effective assistance of counsel at a criminal trial.). Post conviction proceedings are the preferred vehicle for litigating ineffective assistance of counsel claims. *See Mosley v. State*, 378 Md. 548 (2003) ("We have explained on numerous occasions that a post-conviction proceeding pursuant to the Maryland Uniform Post Conviction Procedure Act, Maryland Code, § 7-102 of the Criminal Procedure Article (2001), is the most appropriate way to raise the claim of ineffective assistance of counsel. The Act allows the convicted person to attack the judgment collaterally by challenging the legality of the conviction and incarceration in a separate evidentiary proceeding. A post-conviction proceeding, often called a "collateral proceeding," brought under the Act is not an appeal of the judgment; rather, it is a

4

collateral attack designed to address alleged constitutional, jurisdictional, or other fundamental violations that occurred at trial." *Id*. at 558-60 (internal citations omitted).

## **RELIEF SOUGHT**

WHEREFORE, Petitioner requests:

1.      That his conviction be vacated and order a new trial on the merits; and

2.      Any other such relief as this Court deems appropriate.


Respectfully submitted,


____/s/ Melissa McDonnell_____
Melissa McDonnell (CPF# 0912160230)
Assistant Public Defender
Office of the Public Defender
Post Conviction Defenders Division
217 E. Redwood Street, Suite 1020
Baltimore, MD 21202
Fax: (410) 209-8691
Phone: (410) 209-8629
E-mail: MMcDonnell@opd.state.md.us


## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 7th day of November, 2018, a copy of the foregoing was electronically served on the State's Attorney's Office for Wicomico County.


_____/s/ Melissa McDonnell_____
Melissa McDonnell
Assistant Public Defender


5

**MAJOR LENNEL RICHARDSON**       *       **IN THE CIRCUIT COURT**

    Petitioner,       *       **FOR WICOMICO COUNTY**

    v.       *       **STATE OF MARYLAND**

           *

**STATE OF MARYLAND**       *       **CASE NO. 22-K-15-000129**

           *

    Respondent.       *

           *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### STATEMENT OF REASONS

On September 16, 2015, Petitioner, Major Lennel Richardson, appeared as the defendant in the Circuit Court for Wicomico County, State of Maryland, with the Honorable D. William Simpson presiding. Petitioner knowingly and voluntarily waived his jury trial rights and tendered a Not Guilty/Agreed Statement of Facts as to Count 1: CDS Possession with Intent to Distribute Narcotics. Petitioner was represented by David Moore, Esquire. The State of Maryland was represented by the State's Attorney for Wicomico County, Matthew Maciarello. After hearing the agreed statement of facts, the Honorable D. William Simpson found Petitioner guilty of Count 1: CDS Possession with Intent to Distribute Narcotics. The Court sentenced Petitioner to twenty-five (25) years without the possibility of parole under Count 1.[1]

On September 28, 2016, Petitioner filed a *pro se* Petition for Post-Conviction Relief. On September 30, 2016, the State filed an answer denying all of Petitioner's allegations. On October 20, 2016, the Court denied the *pro se* Petition for Post-Conviction Relief as it was deficient in that it did not comply with the applicable statutes and the Maryland Rules. On November 7, 2018, Melissa McDonnell, Supervising Attorney from the Office of the Public Defender, entered her appearance on behalf of Petitioner. On that same date, Petitioner filed, through counsel, a compliant Petition for Post-Conviction Relief. On November 13, 2018, the State filed an answer denying all of Petitioner's allegations. On March 28, 2019, the State

---

[1] Petitioner was also sentenced to seven (7) years, suspended, for an unrelated violation of probation in case no.: 22-K-07-000751, to be served consecutively with the sentence in this case.

filed a Supplemental Response to the Petition for Post-Conviction Relief. On March 29, 2019, a Post-Conviction hearing was held before the Honorable Leah J. Seaton, where Petitioner was represented by Ms. McDonnell. The State of Maryland was represented by Michael V. Calabrese of the State's Attorney's Office for Wicomico County, State of Maryland. At the conclusion of the hearing, the Court held its ruling on the matter *sub curia*.

## I.   FACTS

The charges in the present case arose out of a traffic stop on January 28, 2015, in Salisbury, Maryland. Petitioner was the passenger in the vehicle that was stopped. Drugs were found during the traffic stop. The drugs in question were recovered from the vagina of a woman, Letitia Whitehead, who was driving the vehicle. Ms. Whitehead gave a statement to the police in which she indicated that the drugs belonged to Petitioner and that she inserted the drugs into her vagina at Petitioner's behest. Petitioner and Ms. Whitehead were taken into custody, and after they were both individually *Mirandized*, they both gave voluntary confessions confirming the initial story that Ms. Whitehead had told the police. Petitioner was then charged with possession of cocaine with the intent to distribute and possession of heroin with the intent to distribute.

On September 16, 2015, Petitioner waived his right to a jury trial and pled not guilty pursuant to an agreed statement of facts to Count 1: CDS Possession with Intent to Distribute Narcotics. The State filed a subsequent offender notice requesting a mandatory sentence of twenty-five (25) years' incarceration without the possibility of parole, dismissed the balance of the charges, and agreed to recommend seven (7) years' incarceration, consecutive, all suspended, for a violation of probation in another case. The Court, with the Honorable D. William Simpson presiding, listened to the agreed statement of facts, and convicted Petitioner of Count 1: CDS Possession with Intent to Distribute Narcotics. The Trial Court was convinced beyond a reasonable doubt that Petitioner committed the offense that he was charged with.

Petitioner alleges that his Trial Counsel failed to inform Petitioner that Letitia Whitehead could have invoked her Fifth Amendment privilege against self-incrimination and refused to testify as a witness in Petitioner's trial. Petitioner claims that this failure constituted a deficient act which resulted in prejudice under the *Strickland* standard.

2 of 6

## II.    ALLEGATIONS OF ERROR

The following allegation of error in the Petition for Post-Conviction Relief is now before the Court:

1. Trial counsel rendered ineffective assistance by giving incomplete advice about the plea offer.

## III.    STANDARD OF REVIEW

The Sixth and Fourteenth Amendments of the U.S. Constitution and Maryland Declaration of Rights guarantee a criminal defendant the right to effective assistance of counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1968). There exists a strong presumption that counsel rendered effective assistance. *State v. Thomas*, 325 Md. 160, 171 (1992). A petitioner has the burden of proving ineffective assistance of counsel by showing: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

As *Strickland* makes clear, defense counsel's performance is deficient if it falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 668. The petitioner is prejudiced when, but for counsel's errors, there was a "substantial" possibility that the result of the proceeding would have been different. *Bowers v. State*, 320 Md. 416, 426 (1990). A petitioner must establish both the deficient act and prejudice to the petitioner to prevail on a claim of ineffective assistance of counsel. If a petitioner fails to prove either prong, the ineffective assistance of counsel claim fails, and a court does not have to consider the other prong. *Strickland*, 466 U.S. at 696. The Court of Special of Appeals has held that "when a post conviction court is asked to review an attorney's performance to determine whether that performance amounted to a deficient act, the reviewing court must be highly deferential to counsel." *Carter v. State*, 73 Md. App. 437, 440 (1988) (quoting *Strickland*, 466 U.S. at 689). The Court of Appeals of Maryland has stressed that an attorney performs deficiently if she makes a strategic decision that is not grounded in an adequate investigation of the facts. *See State v. Borchardt*, 396 Md. 586 (2007). The *Borchardt* Court explained that

3 of 6

> [e]ven though the standard of reasonableness spawns few hard-edged rules, nonetheless, before counsel makes a strategic decision, that decision must be founded upon adequate investigation and preparation. When we review and evaluate defense counsel's performance, we assess the reasonableness of counsel's decision and the reasonableness of the investigation underlying each decision. Before deciding to act, or not to act, counsel must make a rational and informed decision on strategy and tactics based upon adequate investigation and preparation.

*Id*. at 604.

Under *Strickland*, there is a strong presumption that counsel's performance was effective and that counsel's decisions were made in the exercise of reasonable professional judgment. *Schmitt v. State*, 140 Md. App. 1, 36 (2001).

## IV.    DISCUSSION

Allegation: Trial counsel rendered ineffective assistance by giving incomplete advice about the plea offer

Under the first prong of *Strickland*, the threshold question is whether Petitioner has met his burden of proving that Trial Counsel committed a deficient act. According to *Williams v. State*, 326 Md. 367, 378 (1992), a trial attorney performs deficiently when she, "while disclosing the plea offer, provides the defendant with incomplete or misleading information with regard to the offer."

As noted above, Petitioner's only allegation of a deficient act is that Trial Counsel failed to inform Petitioner that Ms. Whitehead, a potential witness against Petitioner, could invoke her Fifth Amendment right not to testify. According to Petitioner, had he been so informed, Petitioner would not have proceeded by a Not Guilty/Agreed Statement of Facts, but rather would have elected a trial by jury. The Court does not find this claim, that he would have elected trial by jury if he knew of Ms. Whitehead's Fifth Amendment rights, to be credible. On the trial date, Judge Simpson advised Petitioner of his right not to testify, so Petitioner was clearly aware that the Fifth Amendment right against self-incrimination existed. In addition, Petitioner was fully advised of all his and any other defendant's rights, on the record, and his waiver of those rights was found to be knowing and voluntary. And he was found to understand those rights. Accordingly, Petitioner was made aware of the rights of any individual in jeopardy, which would include Ms. Whitehead.

Finally, the Court is aware of no authority, and none has been cited, requiring defense counsel or the court to advise a defendant that a potential witness may have a Fifth

Amendment right not to testify. As in any case, there is no guarantee that Ms. Whitehead, or any other potential witness would, or even could, invoke a valid Fifth Amendment privilege at trial.[2] By trial, the potential witness may have already taken a plea requiring her testimony, or could have been offered immunity. In sum, for all of the above reasons, there was no deficient act.

But even assuming, *arguendo*, that Trial Counsel's failure to inform Petitioner of Letitia Whitehead's ability to invoke her Fifth Amendment privilege against self-incrimination constituted a deficient act, Petitioner has failed to satisfy the second prong of *Strickland*. In order to be prejudiced under *Strickland*, Petitioner must prove that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, there must be "a substantial or significant possibility" that, without trial counsel's errors, there would have been a different result. *Williams v. State*, 326 Md. 367, 375-76 (1992) (citing *Bowers v. State*, 320 Md. 416, 425-26 (1990)). It is important to emphasize that the petitioner has the burden of proving prejudice. *Strickland*, 466 U.S. at 687. Here, Petitioner cannot establish prejudice merely by proving that, instead of trial by way of Not Guilty/Agreed Statement of Facts, he would have had a jury trial. Rather, he would also have to prove a substantial probability of a different result. He cannot meet this burden. In this case, even if he had gone forward with a jury trial, there was strong evidence against him that included his own statement admitting his guilt, which he gave after being *Mirandized*. This admission is powerful evidence, and the Court cannot assume a substantial probability of a different outcome even if Ms. Whitehead refused to testify. According to Trial Counsel, in his professional judgment, the case came down to Petitioner's confession, the location of the drugs, and why the drugs were found on the female driver. Trial Counsel stated that the evidence, which was provided in Petitioner's own statement, was overwhelming.

Petitioner attempts to surmount the power of his own admission by testifying, for the first time, at the Post-Conviction hearing, that he did not confess to officers after being arrested and *Mirandized*. The problem with this allegation, and arguments based on it, are

---

[2] Petitioner is essentially assuming that any competent attorney would have told Letitia Whitehead not to testify, that the right to invoke the privilege would have existed at the time of trial and that she would have invoked that right. These are dubious assumptions. This Court is not in a position to make assumptions about whether Ms. Whitehead was represented by competent counsel, whether she was informed of her Fifth Amendment privilege, whether she had the ability to invoke it, or whether she would have invoked the privilege.

that, to challenge the confession, Petitioner was required to file a motion to suppress, which he failed to do. Thus, the time to challenge the admissibility of the statement has passed. Lest there be any doubt, the Petitioner also failed to challenge his admission at the hearing on September 16, 2015. On that date, the State read into the record an agreed statement of facts. In relevant part, the State said,

> When [the Petitioner] is interviewed after a knowing and voluntary *Miranda* waiver, [the Petitioner] provides a voluntary statement to officers that he did, indeed, hand the capsule containing cocaine and heroin to [Letitia] Whitehead. Furthermore, [the Petitioner] stated that he asked Whitehead to conceal the capsule down her pants so that the police would not find it. Officers, if called to testify, would have identified [the Petitioner], the defendant, as the person who made those statements, Your Honor.

Hearing Tr. 15 (Sept. 16, 2015). As noted, the Petitioner did not object to the above statements during the hearing. This Court finds that (1) the Petitioner's testimony that he did not make a post-*Miranda* admission lacks credibility and (2) that the Petitioner's statement admitting guilt was properly accepted and relied upon by the Trial Court on September 16, 2015. In other words, the Petitioner cannot escape the powerful evidence of his own admission by contending, at this late date, that he never made the admission.

For all the reasons set forth above, there was no deficiency nor was there any prejudice. The Strickland standard has not been met, and Petitioner's allegation does not provide a basis to grant relief. Petitioner's request for relief is therefore denied.

## ORDER

For the foregoing reasons, it is this _12th_ day of _____July_____, 2019, by the Circuit Court for Wicomico County, State of Maryland, hereby

**ORDERED**, that the request for relief in Petitioner's Petition for Post-Conviction Relief, filed November 7. 2018, is **DENIED**.

_____
Leah J. Seaton

Leah J. Seaton
Associate Judge

6 of 6

Major Lennel Richardson                IN THE CIRCUIT COURT FOR
V.            Applicant                 WICOMICO COUNTY
STATE OF MARYLAND                       CASE NO: 22-K-15-000129
        Respondent                      State of Maryland

Application for leave to Appeal the Denial of Post Conviction Relief

Major Lennel Richardson, Applicant, pursuant to Md. Rule 8-204 prays this court to grant leave to Appeal the denial of Post-Conviction Relief.

## STATEMENT of facts

1.) Petitioner is currently confined at Jessup Correctional Institution, located P.O. Box 534 Jessup, Maryland 20794 ID 442287

2.) Place and date of trial: Wicomico county, Salisbury, Maryland 21801, In the circuit court, October 15, 2015

3.) Date of sentencing: October 15, 2015

4.) Trial attorney: David W. Moore, Esquire

5.) Presiding Judge of trial: D. William Simpson

6.) Appeal information, issues raised on Appeal and Rulings: Unreported In the court of special Appeals of Maryland No. 1901 September term, 2015. Before this court, My lawyer Mrs. Rachel Simmonsen, Assistant Public Defender presented one question for review: Did the trial court commit Reversible error by conducting a belated jury trial waiver and providing inaccurate advice about Appellant's trial options? The Judgment of the circuit court for Wicomico county Affirmed.

7.) I went for a Post Conviction March 29, 2019

8.) The Post Conviction Judge was Judge Leah J. Seaton

9.) Allegations of error raised on Post Conviction by Melissa McDonnell, Assistant Public Defender was, one of the vital functions of defense counsel is to assist a criminal defen-

2)

dant in making an informed decision to accept or reject a plea offer by evaluating the strengths and weaknesses of the defendant case and the likely outcome. See Williams v. State, 326 Md. 367, 378, 605 A.2d 103, 109 (1992) (citing State v. James 739 P.2d 1161, 1167 (Wash. App 1987)). To assist the defendant in making an informed decision, trial counsel must provide accurate, complete advice, to enable the client to make an informed choice as to whether to accept or reject a plea offer. See id (citing Tucker v. Holland, 327 S.E. 2d 388 394 (W.VA. 1985). A trial attorney performs deficiently when he or she "while disclosing the plea offer, provides the defendant with incomplete or misleading information with regard to the offer." Id (holding that trial counsel performed deficiently when he failed to advise the defendant that, if he convicted, he could receive a mandatory 25 year sentence). In the present case trial counsel was ineffective in conveying the plea offer to the petitioner. Trial counsel did not give the petitioner complete advice about the weight and admissibility of the states evidence had the case gone to trial. Trial counsel fail to suppress evidence, trial counsel fail to suppress Latesha Whitehead original statement, failure to seek continuance because of a letter Mr. Moore Received from the states witness stating she was force & coached to write the statement against petitioner, that wasn't true.

Reasons that the circuit court erred in denying Applicant's petition for post conviction relief.

The Petitioner was the passenger in the vehicle. The drugs in question were recovered from the vagina of the woman who was driving her vehicle, Latesha Whitehead. This meager fact did

3.)

show nor was it a rational inference therefrom that Richardson exercised actual or constructive dominion or control over the drugs found in LaTesha Whitehead vagina. Gray V State 254 md. 385 397, Davis and Green V State, 9 md. App. 48, Edward Barksdale V State of Maryland (court of special Appeals of Maryland) 15 md. App. 469; 291 A. 2d. 495; 1972 md. App. No. 709 September term, 1971 June 6, 1972, Decided. The trial court committed reversible error by conducting a belated jury trial waiver and providing inaccurate advice about appellants trial options. As well as rights to be free from unreasonable searches and seizures as Applicable to the stop of vehicles, hearsay evidence. Statements by the accused during custodial interrogation, After An illegal arrest are subject to suppression as the fruit of the poisonous tree. Kyou V State 29 md. App. 62, 349 A. 2d. 393 (1975) Affd 278 Md. 303, 363 A. 2d 243 (1976) Brown V illinois, 422 U.S. 590 95 S. Ct. 2254, 45 L. Ed. 2d. 416 (1975)

fourth Amendment and Maryland requirements regarding search and seizure. fifth Amendment and Maryland requirements regarding confessions, Miranda and promises and inducements. The state witness LaTesha Whitehead, wrote she was coached and threatened into writing a statement that wasn't true. The Post-Conviction court was incorrect in denying the Post Conviction petition, because the petitioner did not have any drugs the drugs was found in LaTesha Whitehead vagina. Mrs. Whitehead Also wrote a statement, saying she coached into saying Richardson gave her the drugs. The Judge committed reversible error by conducting a belated jury trial waiver And providing inaccurate advice about petitioner trial options.

4.)

## CONCLUSION

Applicant prays that this Honorable Court will grant the application for leave to appeal.

Respectfully submitted
Major Lennel Richardson III
MAJOR LENNEL RICHARDSON III
P. O. BOX 534
JESSUP, MARYLAND 20794

## CERTIFICATE OF SERVICE

I HEREby CERTIFY that on this August day of 14 WEDNEsday 2019 a copy of the foregoing Application for leave to Appeal was Mailed First-class to the Office of the Attorney General, Criminal Appeals, 200 St. Paul Place, Baltimore, Md 21202

Major Lennel Richardson

2019 AUG 19 AM 11: 43

**E-FILED**
**Court of Special Appeals**
**Gregory Hilton**
**12/9/2019 2:12 PM**

Circuit Court for Wicomico County
Case No. 22-K-15-000129

UNREPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1140

September Term, 2019

———————————————

POST-CONVICTION

———————————————

MAJOR LENNEL RICHARDSON

v.

STATE OF MARYLAND

———————————————

Beachley,
Wells,
Moylan, Charles, E., Jr.
  (Senior Judge, Specially Assigned),

JJ.

———————————————

PER CURIAM

———————————————

Filed:  December 9, 2019

The application of Major Lennel Richardson for leave to appeal from a denial of

petition for post-conviction relief, having been read and considered be, and is hereby,

denied.

**APPLICATION FOR LEAVE TO
APPEAL DENIED.**

**ANY COSTS TO BE PAID BY
APPLICANT.**

**E-FILED**
**Court of Special Appeals**
**Gregory Hilton**
**1/24/2020 10:17 AM**

## IN THE COURT OF SPECIAL APPEALS OF MARYLAND

| | | |
|---|---|---|
| Major Lennell Richardson, | * | |
| Applicant | * | No. 1140, September Term 2019 |
| v. | * | CSA-ALA-1140-2019 |
| | * | Circuit Court No. 22-K-15-000129 |
| State of Maryland, | * | |
| Respondent | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## __MANDATE__

JUDGMENT:  December 9, 2019: Application for leave to appeal denied. Any
costs to be paid by applicant.
Per Curiam filed.


*STATE OF MARYLAND, Sct.:*
I do hereby certify that the foregoing is truly taken from the records and proceedings of the said
Court of Special Appeals.  In testimony whereof, I have hereunto set my hand as Clerk and
affixed the seal of the Court of Special Appeals, this 24th day of January, 2020.


Gregory Hilton, Clerk
Court of Special Appeals

SR 83