IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAJOR LENNEL RICHARDSON, III | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-20-0474 |
| WARDEN ALLEN GANG and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

**MEMORANDUM OPINION**

Major Lennel Richardson, III brings this habeas corpus Petition pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in Wicomico County Circuit Court for possession with the intent to distribute cocaine.  ECF No. 1; ECF No. 4-1 at 17.  The Petition is ready for resolution and no hearing is necessary.  *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).  For the following reasons, the Court denies the Petition as untimely filed and declines to issue a certificate of appealability.

**I. Background**

In September 2015, after a bench trial on an agreed statement of facts, Richardson was convicted in the Circuit Court for Wicomico County of possession with the intent to distribute cocaine.  ECF No. 4-1 at 16-28.  As a third-time offender, he was sentenced to twenty-five years' imprisonment without the possibility of parole.  *Id* at 17.  Richardson appealed his conviction, which was affirmed by the Court of Special Appeals on August 4, 2016.  *Id.*  The mandate was issued on September 6, 2016.  *Id.* at 40.

Richardson next filed a motion for modification of sentence on October 3, 2017. *Id.* at 44-48. The Circuit Court denied the motion on December 9, 2017. *Id.* at 57. Richardson's first request for reconsideration was denied on January 18, 2018, and his *pro se* request for reconsideration was denied on February 8, 2018. *Id.* at 63-66, 69; 58-61.

Throughout this time, Richardson also filed three applications for post-conviction relief. The first, filed on August 5, 2016, was dismissed on August 19, 2016, as "deficient on its face." *Id.* at 28-39. The second, filed on September 28, 2016, was dismissed on October 20, 2016. *Id.* at 8, 41-43, 75. The third, filed on November 7, 2018, was dismissed on July 12, 2019. *Id.* at 70-74-80.

On January 23, 2020, Richardson filed the Petition in this Court, asserting a variety of trial court errors. He contends that his conviction must be vacated for insufficient evidence; that the Circuit Court erred in failing to suppress his co-defendant's involuntary confession; that Richardson's confession stemmed from an illegal search and seizure; and that generally the Circuit Court erred in admitting evidence and in giving a "belated jury instruction." ECF No. 1. Because the Petition is untimely, it must be dismissed without reaching its merits.

**II. Analysis**

28 U.S.C. § 2244(d)(1) sets a one-year time limitation for seeking a writ of habeas corpus "pursuant to the judgment of a State court." Pertinent to this Petition, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2), however, expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending."

Richardson declined to appeal his conviction and sentence after it had been affirmed by the Court of Special Appeals.  Under Maryland law, his conviction became final on September 21, 2016, which was the last day he could have pursued a writ of certiorari on direct appeal to the Maryland Court of Appeals.  *See* Maryland Rule 8-302(a).  Thus, the limitations clock began to run on that date.

However, pursuant to section 2244(d)(2), the time during which motions for sentence reconsideration and state post-conviction petitions were pending must be excluded from the one-year period.  This includes Richardson's second and third post-conviction petitions and his motion for modification of sentence. The Court calculates the periods as follows.

From September 28, 2016 through October 20, 2016 must be excluded as the time during which a motion for post-conviction relief was pending.[1]  No other motions had been pending at the time this petition was denied.  Nearly a year later, on October 3, 2017, Richardson filed a motion for modification of sentence, which the Court construes as tolling limitations until February 8, 2018, when the motion and all requests for reconsideration had been denied.  *See* 28 U.S.C. § 2244(d)(2); *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a motion for review under Md. Rule 4-345(e) may toll the limitations period).  Richardson filed his third post-conviction petition nine months later, on November 7, 2018.  Accordingly, when considering the period between the September 2016 petition and the October 2017 motion for reconsideration (eleven months), combined with the period from the denial of the October 2017 motion and his next post-conviction motion (eight months), more than a year passed where Richardson did not have any other eligible motion or application that would toll the one-year limitations period.  Thus, the Petition is untimely.

---

[1] The record provided to the Court does not include the order denying this petition, so the Court will assume without deciding that the petition was properly filed for purposes of statutory tolling.

Moreover, Richardson has not provided grounds for equitably tolling the limitations period. Equitable tolling may apply in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that delay in filing the petition resulted from respondents' wrongful conduct or other extraordinary circumstances beyond petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where ... gross injustice would result" absent the Court's intervention. *Id.*

Richardson first argues that the Court should consider the Petition timely because he filed it very quickly – within one week – after the court denied his third state post-conviction petition. ECF No. 13 at 2. Although Richardson may have filed this Petition shortly after his third post-conviction petition was denied, this does not retroactively forgive the lengthy periods between his earlier motions. Accordingly, no extraordinary circumstances exist sufficient to trigger equitable tolling. ECF Nos. 1, 6, 7, 13, 15.

Richardson also suggests that the Court should toll the limitations period because he is actually innocent of the underlying narcotics conviction. ECF No. 7 at 5; ECF No. 13 at 3-4, 9. Richardson points to some evidence presented at his sentencing that suggests his co-defendant had been "coached, coerced, and threatened into writing a statement," that had incriminated Richardson, and that "portions of the statement are untrue." ECF No. 1 at 5; ECF No. 4-1 at 3. Certainly "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But this exception applies only where new evidence

demonstrates that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  The kinds of "new reliable evidence" which may establish actual innocence include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019) (citing *Schlup*, 513 U.S. at 324).  At bottom, the Court must make "a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard." *House v. Bell*, 547 U.S. 518, 539 (2006) (citing *Schlup*, 513 U.S. at 328). The Court's role in this regard "is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.* at 538.

Even assuming that at sentencing the co-defendant's statement walked back certain aspects of the offense, that alone would not sufficiently demonstrate Richardson's actual innocence.  This is so because Richardson agreed to a statement of facts in which he admitted to having given his accomplice distribution-ready narcotics to hide from law enforcement.  The stipulated facts read:

> [W]ith the assistance of others, [Richardson] was seen distributing what the police believed to be controlled dangerous substances in the parking lot of a shopping center.  Once [Richardson] left the shopping center parking lot as a passenger in a black Jeep Cherokee, the police stopped the vehicle and conducted a K-scan, which resulted in a positive alert for the presence of an odor of narcotics.  When the driver, Lateasha Whitehead, exited the vehicle, a police officer noticed that her pants were unbuttoned.  When the officer asked Whitehead about her pants, "[s]he immediately told detectives that her pants were unbuttoned because she had just concealed narcotics in her vagina at the request of [appellant]."  At the police station, the police recovered a capsule from Whitehead's vagina containing "53 individually wrapped pieces of crack cocaine."  After waiving their *Miranda* rights, both [Richardson] and Whitehead admitted that [Richardson] gave the capsule to Whitehead to hide after they were stopped by police.

ECF No. 4-1 at 17-18 n.1.  Richardson's admission that he gave the capsule containing 53 wrapped pieces of cocaine to Whitehead simply eclipses any alleged co-conspirator recantation.  *Cf. United*

5

*States v. Hackley,* 164 F. App'x 301, 305 (4th Cir. 2006) (observing that "recantation testimony [is] 'looked upon with the utmost suspicion'" (quoting *United States v. Johnson,* 487 F.2d 1278, 1279 (4th Cir.1973))). Accordingly, Richardson has not produced sufficient evidence to support an actual innocence claim. *See Perkins*, 569 U.S. at 401 (an actual innocence claim is available where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial ...."). Because equitable tolling does not apply, the Petition is untimely and must be dismissed.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Richardson has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue it. Richardson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, Richardson's petition for a writ of habeas corpus is DENIED. A separate order follows.

11/3/22  /S/
_____  _____
Date  Paula Xinis
 United States District Judge